Stone, J.
The plaintiff in error was tried and convicted in the Court below upon the following indictment:
“ The grand jurors selected and sworn within and for the county of San Juan, in the name and by the authority of the people of the State of Colorado, upon their oaths, present that M. K. Cohen, late of . the county of San Juan, aforesaid, on to wit: The 3d day 01 January, 1882, at the county of San Juan, *579 and State aforesaid, did counterfeit and forge the handwriting of another, to wit: Lawsha Brothers, to a certain promissory note of the date of January 3, 1882, for the sum of $460, with the intent to damage and defraud the said Lawsha Brothers, and Heffron & Johnson, and against the statute in such case made and provided, and against the peace and dignity of the State of Colorado.”
Numerous errors are assigned as grounds for reversal of the judgment, only a few of which it is necessary to notice.
The indictment is objected to as insufficient, for the reason that it fails to set out a copy of the instrument upon which the forgery is predicated, and because the act is not charged to have been done “ falsely and feloniously.”
The first clause of the statute, upon which the indictment is founded, declares that “ every person who shall, falsely make, alter, forge, or counterfeit any record, * * * * promissory note,” * * * * etc. While the latter clause is as follows: * * * * “or shall counterfeit or forge the seal or handwriting of another, with intent to damage or defraud any person * * * every person so offending shall be deemed guilty of forgery,” * * * * etc. Gen. Statutes, Sec. 775.
This indictment is drawn upon the latter clause of this section of the crimes act, and, as is seen, is framed in the language of the act, and hence, it was not essential to use the words “ falsely make,” or to set out the instrument, as might possibly be required under the definition of the crime in the first clause. Nor was the use of the word “feloniously” necessary. This term is employed in charging a felony for the purpose of denoting the intent with which the act is charged to have been done. The clause of the act under which this indictment is framed expresses the intent necessary to constitute the offense, and hence renders superfluous the use of the term felonious. Besides, forgery was a misdemeanor at common law, the term felonious being alleged only in respect of crimes denominated felonies, which deprived the accused of the benefit of clergy upon conviction, and for this reason it has been held by the Courts of several States that the term felonious need not be used in indictments for forgery, especially States where, by statute, it is provided, as in this State, (Sec. *580 925, Gen. Statutes,) that “every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense may be easily understood by the jury.” Miller v. The People, 2 Scam., 233; Butler v. The State, 22 Ala., 43; Quigley v. The People, 2 Scam., 301; Jane v. The Commonwealth, 3 Met., (Ky.) 18; Peek v. The State, 2 Humph., 77; People v. Olivera, 7 Calif., 403 ; Wharton Crim. Law, Secs. 399, 400, 1419.
It is also assigned as error that the Court admitted testimony as to the uttering or passing of the instrument forged, since such passing or uttering was not charged in the indictment. There was no error in this, for the indictment, having charged the offense under that clause of the statute, expressing the particular intent constituting the criminal ingredient of the act, it was proper to show that the accused uttered or passed the instrument for the purpose of raising money thereby, in order to show the intent with which the handwriting in question was forged. This, at least, was one mode, and a proper one, of establishing, or tending to show the particular intent expressed in the statutory definition of the offense. Whar. Crim. Law, Sec. 1453 b.
There was no error in the refusal of the Court to give the several instructions, 1, 2, 3 and 4, prayed on behalf of defendant.
The only instructions given by the Court to the jury, were the two following, the first, on behalf of the people, and the second, on behalf of the defendant, to wit:
“ If the jury believe from the evidence that if the defendant signed the name of Lawsha Brothers, in San Juan county, Colorado, to the note for $460, in evidence, with the intention of obtaining money thereon, and did obtain money thereon, you will find the defendant guilty as charged in the indictment.”
“ The jury are further instructed that, before they can convict the defendant, they must be satisfied beyond a reasonable doubt that he is guilty of the crime charged against him in the indictment; that such doubt must be reasonable and not captious, and that if the jury have any such reasonable doubt they must acquit the defendant.”
*581 The first of these instructions is not merely defective, it is palpably erroneous. It assumes to define the offense; to declare what facts establish the defendant’s guilt; and in this it does not state the law of the case. It is scarcely necessary to remark that the facts thus stated, if true, would not necessarily constitute an offense under the statute, for one person may be authorized to sign the name of another. The statute makes the offense to consist in the forging or counterfeiting the handwriting of another with the intent to damage or defraud some person. Under the two instructions given, the jury were in effect directed to return a verdict of guilty, if they believed, beyond a reasonable doubt, that the defendant signed the name of another to a promissory note, intending to procure money, and procuring the same thereby, without instructing them that they must also believe that such signing was forged or counterfeited, and with intent to damage or defraud some person. The mere intent to obtain money on the note was immaterial; it was the unauthorized signing with intent to damage or defraud another, which made the act a crime under the definition of the statute.
It cannot be said that the plaintiff in error was not prejudiced by such a plain misdirection to the jury, and with no other instruction to modify or cure it. For this error the judgment must be reversed and the cause remanded.

Judgment reversed.