## No. 9192.

### BRIDGE *v.* THE PEOPLE.

1. CRIMINAL LAW—*Confidence Game—Information.* Section 1784 of the Revised Statutes declares that it shall be a sufficient description of the offense of obtaining money by the Confidence Game, to charge that the accused did "unlawfully and feloniously" obtain the moneys of another by means of the Confidence Game. Section 1785 declares that the act shall be liberally construed. An information omitting the word "unlawfully" sustained. That the offense was especially charged to have been committed "contrary to the form of the statutes" was held equivalent to a charge that the acts alleged were done "unlawfully."

The court cites sections 1950, 1959, 1960, of the Revised Statutes as sufficient to sustain the information.

2. *Technical objections* to the form of an information, first presented after conviction, are too late.

*Error to Jefferson District Court, Hon. Charles Cavender, Judge.*

Mr. J. M. WARDLAW, Mr. FRED T. PEET and Mr. F. J. KNAUSS, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, and CLARA RUTH MOZZER, Assistant Attorney General, for the people.

Chief Justice White delivered the opinion of the court:

PLAINTIFF in error was convicted of obtaining a certain sum of money from another by means of the confidence

game, and sentenced to the penitentiary. He brings the cause here for review upon the sole ground that the information fails to charge any offense under the law. The alleged insufficiency consists in the omission of the word "unlawfully" before the word "feloniously" in the information. Section 1783, R. S. 1908, creates and defines the offense, and § 1784 declares that it shall be a sufficient description of the offense to charge that the accused did, on etc., "unlawfully and feloniously obtain" the money "by means and by use of the confidence game." Though the statute in declaring that a certain form of words shall be sufficient to charge the offense, uses the word "unlawfully" as well as "feloniously," we are unwilling to hold that the former word must appear in the indictment or information if the latter does. We hold that that which is done feloniously is necessarily unlawfully done.

*Williams v. People,* 26 Colo. 272, 275, 57 Pac. 701; *Kopke v. People,* 43 Mich. 41, 43, 4 N. W. 551; *Shinn v. State,* 68 Ind. 423; Vol. 3, Words and Phrases, p. 2735.

Moreover, § 1785 commands that the act shall be liberally construed and we think this necessarily implies that the words of § 1784, *supra,* need not be strictly followed. It is sufficient to allege facts presenting a clear case of obtaining, or attempting to obtain, from another money or property "by means and use of the confidence game." Property or money so obtained passes from the owner's hands contrary to law, and, therefore, unlawfully. Besides, it is charged in the information that the acts were "contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Colorado." Here is an express charge that the acts were contrary to the statute—the law defining the crime—and is necessarily equivalent to the charge that they were "unlawfully" done.

*Nash v. State,* 2 G. Greene Iowa 286, 293; *People v. Stricker,* 170 Ill. App. 485.

Apart from this, there are other statutes, some of later date than § 1784, *supra,* dealing with the sufficiency of an

indictment or information charging a criminal offense. Thus § 1950, R. S. 1908, declares every indictment or accusation sufficient which states the offense in the terms of the statute "or so plainly that the nature of the offense may be easily understood by the jury." § 1959 declares that the offense "shall be stated in plain, concise language, without prolixity or unnecessary repetition"; and § 1960 declares, in relation to the offense charged, that it shall be sufficient when set forth with such degree of certainty that the court may pronounce judgment upon a conviction according to the right of the case. It seems clear that within the legislative intent the information in question charges the defendant with the commission of the offense for which he was convicted and sentenced.

There is, however, another reason why he is not entitled to relief. He in no wise questioned the sufficiency of the information until after he was found guilty, and we are, by § 1956, R. S. 1908, precluded from considering the technical objection at this late hour. The application for a *supersedeas* is, therefore, denied and the judgment affirmed.

Mr. Justice Bailey and Mr. Justice Allen concur.