Nos. 9172, 9173.

## TRACY *v*. THE PEOPLE.

1. CRIMINAL LAW—*Information—Sufficiency.* An indictment or information which describes the offense in the language of the statute, or so plainly that what is charged may be readily understood by a jury, is sufficient.

An information charging the accused with having obtained from a prosecutrix a sum of money by falsely and fraudulently repre-

senting to her that a certain tract of land which he exhibited to her was a specified quarter section, and public land, contrary to the fact, *held* sufficient to sustain a conviction.

2. —— *Evidence—Other Crimes.* A crime other than that charged but so similar in character, and so closely connected therewith in time, that a like motive may be fairly imputed to each transaction, is admissible to show the intent.

3. —— *Order of Proof*, is largely in the discretion of the trial court. Where the names of certain witnesses examined in rebuttal were upon the indictment it was held that there was no abuse of discretion though the testimony might be regarded as part of the case in chief.

*Error to Otero District Court, Hon. Charles S. Essex, Judge.*

Messrs. SABIN, HASKINS & SABIN, J. A. TRACY, Pro Se., for plaintiff in error.

Hon. LESLIE E. HUBBARD, attorney general; Mr. BERTRAM B. BESHOAR and Miss CLARA RUTH MOZZOR, assistants attorney general, for The People.

Mr. Justice Bailey delivered the opinion of the court.

IN this case defendant below was tried and convicted under Section 1849, R. S. 1908, for obtaining money by false pretenses. Defendant is a real estate man and land locator. He was tried upon two informations, which were consolidated. They alleged in substance that he obtained money from the prosecuting witnesses, two sisters, for showing them a certain tract of land which he said was section 26 in Township 26 South, Range 59 West, and open to public entry, but which was in fact not such section and not part of the public domain, the real section 26 being greatly inferior land and some distance away from that shown by the defendant. The information also sets up other alleged false and fraudulent statements as made by defendant in reference to the character of the land, the possibility of cultivating it without irrigation, and other particulars, all of which it is claimed by the prosecuting witnesses were urged as inducements to them to file on section 26.

As a result of these acts of defendant, the prosecuting witnesses did file on said section 26, one of the women filing

on the west one-half, and the other on the east one-half, of the section, and each is alleged to have paid defendant $300.00 for his services. When they attempted to go upon the land shown to them by defendant as section 26, they discovered that it was not such section, and was not subject to entry, and that the other representations made to them by defendant were false.

Defendant was found guilty as charged in both of the informations, and was sentenced to a term of from six to eight years in the penitentiary. He brings the case here for review on error.

It is alleged and vigorously urged by the defendant that the informations in the two cases are fatally defective in that they fail to state any offense under the statute, and that they are not sufficiently specific as to the land claimed to have been shown to the prosecuting witnesses as section 26.

It has been repeatedly held in this state that an indictment or information is sufficient which describes an offense either in the language of the statute, or so plainly that the nature of the crime may be readily and easily understood by a jury. *Dougherty v. People*, 1 Colo. 514; *Cohen v. People*, 7 Colo. 274, 3 Pac. 385; *Imboden v. People*, 40 Colo. 142, 90 Pac. 608; *Knepper v. People*, 165 Pac. (Colo.) 779.

In this case both informations are identical except that in one the false pretenses are alleged to have been made to one Tillie Thede, as to the east one-half of section 26, and in the other to Minnie Thede, as to the west one-half of such section.

Defendant contends that, although he is charged with having obtained money from the prosecuting witnesses by showing them a certain tract of land, and representing it as the said section 26, and open to government entry, when in truth and in fact it was not, for the purpose of locating them on that section, there is no allegation that the women did in fact file on section 26, and therefore the informations are fatally defective. The essential parts of the informa-

tions so far as they are here involved are as follows:

" * * * That J. A. Tracy, on or about the 6th day of April, A. D. 1916, at the County of Otero, State of Colorado, did then and there feloniously, knowingly and designedly did falsely pretend to one * * * Thede that a certain tract of land located in the County of Otero, State of Colorado, was the west one-half of section 26, * * * and that the same was subject to government entry and was located in a region that without irrigation good crops * * * could be grown on the land and in said region and locality, and that said land was located four or five miles from the town of Bloom, a good town with several stores and good lumber yard; which said false pretenses were then and there made by the said J. A. Tracy, with the design and for the purpose of inducing the said * * * Thede to pay him, the said J. A. Tracy, the sum of three hundred dollars for locating her, the said * * * Thede upon said land and paying the filing fee upon the same; and the said * * * Thede, relying upon and believing the said false pretenses to be true, and being deceived thereby, was then and there induced, by reason thereof, to pay to the said J. A. Tracy the sum of three hundred dollars, by which said false pretenses he, the said J. A. Tracy, with intent to cheat and defraud the said * * * Thede, feloniously and fraudulently, designedly and knowingly, did obtain from the said * * * Thede * * * the total value of three hundred dollars of the personal property, goods, chattels and moneys of the said * * * Thede, whereas in truth and in fact the said tract shown to the said * * * Thede was not the west one-half of section 26 * * * and was not land that was subject to government entry, and was not land upon which good crops * * * could be grown, and that the true location of the said west one-half of section 26 * * * was other than the location shown to the said * * * Thede, and was rough, hilly land and not so desirable as the tract shown to the said * * * Thede, by the said J. A. Tracy, and

that the said town of Bloom did not possess a lumber yard and had but one small store; all of which said false pretenses he, the said J. A. Tracy, at the time he so falsely pretended as aforesaid, well knew to be false, contrary to the form of statute   *   *   *   ."

These informations are good if defendant is advised with sufficient certainty of the offense with which he is charged, and if the offense is so clearly set out that judgment may be passed thereon. The essentials of an indictment or information for obtaining property by false pretenses are thus enumerated in 11 R. C. L. 857:

"An indictment for obtaining property by false pretenses is sufficient if the language used is such that it designates the person charged and indicates to him the crime of which he is accused. It must, however, have that degree of certainty and precision which will fully inform the accused of the special character of the charge against which he is called on to defend, and will enable the court to determine whether the facts alleged on the face of the indictment are sufficient in the contemplation of law to constitute a crime, so that the record may stand as a protection against further prosecution for the same alleged offense. It must aver all the material elements of the offense, and hence must show what the false pretenses were; that they were made or authorized by the defendant; that they were false and fraudulent; and deceived the prosecutor; and what was obtained by or under them."

It is plainly manifest that the informations herein show that the false pretenses were the pretenses that certain land was section 26, of a certain township, when in truth and in fact it was not such section; that defendant showed the land and made the statements to the prosecuting witnesses; that the statements so made by him were knowingly false and fraudulent, and that they deceived the prosecuting witnesses, and as a result of such deception they gave to defendant $300.00 each. As matter of fact, the essential elements are so plainly alleged that they are beyond all possibility of doubt.

In *Stoltz v. People*, 59 Colo. 342, 148 Pac. 865, the information charged that defendants knowingly, falsely and feloniously designated and exhibited to prosecuting witness certain property as "then and there being the lands, reservoirs, reservoir sites, ditches, canals waters and water rights of, belonging to and owned" by a certain corporation, and designedly, knowingly, fraudulently and feloniously pretended and represented to prosecuting witness that two thousand shares of the corporate stock of the company constituted a valuable interest in the property, and that as a result of such representations the prosecuting witness gave defendants a check for the shares, which defendants cashed and appropriated to their own use; and "whereas, in truth and in fact," the property previously pointed out did not belong to the corporation, and the shares did not represent any interest therein, all of which defendants "at the time of the making of the false, fraudulent and felonious pretenses aforesaid," well knew, and that defendants "did by means of the false, fraudulent and felonious pretenses aforesaid" made as aforesaid, "unlawfully, knowingly, designedly and feloniously obtain of and from" the prosecuting witness the check of the value of $200.00, with intent, him, the said prosecuting witness, "then and there to cheat and defraud of the same, contrary to the form of the statute." In discussing the information this court said:

"Every indictment or information is sufficient and good in law which charges the crime substantially in the language of the statute, subject only to those provisions of the national and state constitutions designed for the protection of life, liberty and property. * * * We think the language, when fairly considered, constitutes a positive and succinct averment that the property so designated was represented by the defendants to the prosecuting witness as the property of the designated corporation. This is equally true as to the positive nature of the language negativing such representations. * * * It is further claimed that as the information fails to specifically charge loss or dam-

age to Bates, it is fatally defective. We think the offense under the statute, sec. 1849, R. S. 1908, is complete when a thing of value has been obtained knowingly and designedly from another, by false representations or pretenses, with an intent to cheat or defraud such person of such property, and that it is unnecessary to either prove or charge an actual pecuniary loss or damage. One may be actually defrauded without suffering pecuniary loss, and is so defrauded when he surrenders his property and receives for it, on account of false representations made to him, in order to obtain such property, something substantially different than he would have received had the representations in relation thereto been true. * * * In this respect an information is sufficient when it sets forth facts which show that the person whose property was obtained by such false representations suffered a legal injury in the above sense."

The informations in question definitely and clearly charge that defendant falsely, feloniously and knowingly pretended to the prosecuting witnesses that a certain tract of land was section 26, and open to government entry; that relying upon and being induced by these pretenses, which were false, each of them paid him $300.00 for locating them upon the said section 26, which proved to be an entirely different tract from that shown them by defendant. Under section 1950, R. S. 1908, it is idle to assert that the informations do not state any offense or that they are not sufficiently specific as to the land claimed to have been shown to the prosecuting witnesses. The defendant having obtained their money by pretending that certain land was section 26, and part of the public domain, when it was not such section and was not open to public entry, it makes no difference, as matter of law, whether the prosecuting witnesses thereafter located on the real section 26, or whether they located on any government land at all. They were precluded from locating upon the tract shown them by defendant, who obtained their money by his knowingly false assurance that he could and would secure them the section

he showed them. This constitutes the offense described in section 1949, R. S. 1908.

It is alleged that the evidence was insufficient to establish the fact that defendant did show the two women any other land than section 26. The testimony upon this point is conflicting, and therefore the verdict of the jury will not be disturbed upon that ground, as there was ample testimony to support the verdict. Error is also predicated upon the sustaining of objections to certain testimony offered by the defense as to the location of the land shown to the prosecuting witnesses. The testimony offered was immaterial, and its rejection constitutes no error. A witness for the state testified concerning a similar transaction with defendant, whereby he was induced to pay defendant for locating him upon a certain tract of land, which later proved to be other than that which had been shown to him by defendant as being a certain section and township and open to entry. This testimony was admissible to show the intent of defendant, as the two transactions were so closely connected in time and so similar in character that a like motive and intent might fairly be imputed to each transaction.

Defendant contends that the testimony offered in rebuttal in relation to a furrow along the west side of Section 26-26-58 was prejudicial error, and that his motion for a new trial should have been sustained, because upon another trial he could prove that the furrow was there on April 6, 1916. His claim is that this testimony should have been introduced in the case in chief, and that its introduction in rebuttal was a surprise to the defense. The order of proof is largely a matter within the discretion of the trial court, and there was no abuse of discretion in this instance. The name of the witness who gave the testimony alleged to be a surprise was endorsed upon the information, and while this particular testimony may properly have belonged in the case in chief, its admission in rebuttal was in no sense prejudicial error.

Manifestly no prejudicial error has intervened, and upon the whole record it appears that the defendant has had a full, fair and impartial trial, that the verdict returned is right and the judgment entered upon it is free of error. It should therefore be affirmed, and it is so ordered.

Judgment affirmed.

Mr. Chief Justice Hill and Mr. Justice Allen concur.

Decided May 6, A. D. 1918. Rehearing denied December 2, A. D. 1918.