No. 9428.

JULIAN *v.* THE PEOPLE.

1. CRIMINAL LAW—*Jurisdiction,* is given by the law, and cannot be conferred by consent. One arraigned upon an information charging what, under the law, is no offense, is not precluded of this defense by failure to assert it by motion to quash.

2. INTOXICATING LIQUORS—*Statute Construed.* Under c. 82 of the Laws of 1917 the keeping of intoxicating liquors in one's home is not unlawful.

*Error to Rio Grande District Court, Hon. Jesse C. Wiley, Judge.*

*Department One.*

Mr. JAMES P. VEERKAMP and Mr. H. M. HOWARD, for plaintiff in error.

Hon. VICTOR E. KEYES, attorney general, and Mr. CHARLES H. SHERRICK, assistant, for The People.

Opinion by Mr. Justice Teller.

PLAINTIFF in error was convicted on a charge of having had in his home, in April, 1918, sixteen pints of whiskey; and brings error.

When the first witness was called by the state, counsel for defendant objected to the introduction of any testimony on the ground that the information charged no offense known to the laws of this state.

This objection was overruled and the case proceeded with the result above stated.

Counsel for plaintiff in error call attention to the fact that the law under which the prosecution was brought, chapter 82, Laws of 1917, does not make the keeping of intoxicating liquor in one's home unlawful, the home being, in terms, exempted from the list of places in which liquor could not lawfully be kept.

The Attorney General does not controvert this position, but contends that the defendant, by failing to test the in-

formation by motion or demurrer, waived his right to be heard on the sufficiency of the accusation.

We agree with the authorities which he cites that the proper procedure is to raise the question before the trial by motion to quash, or after verdict by motion in arrest of judgment, but failure thus to proceed is not fatal.

There being no such offense as that with which plaintiff in error was charged, he could, by no act of his, give the court jurisdiction to try him for such offense. Jurisdiction of the subject matter is given by law, and cannot be conferred by consent.

*Morse v. People*, 43 Colo. 118, 95 Pac. 285; 16 C. J., 176.

The cases cited involved waivers of technical rights where no question was raised as to jurisdiction, and hence are not in point. The court was without jurisdiction, and that fact may be shown at any stage of the case.

The judgment is reversed.

Reversed.

Chief Justice Garrigues and Mr. Justice Burke concur.