No. 10,362.

JUNES v. THE PEOPLE.

Decided July 3, 1922.   Rehearing denied October 2, 1922.

Plaintiff in error was convicted of a violation of the prohibition act.

*Affirmed.*

*On Application for Supersedeas.*

1.   CRIMINAL LAW—*Information—Sufficiency.* In this state an information is sufficient which describes an offense either in the language of the statute, or so plainly that the nature of the crime may be readily and easily understood by a jury.

*Error to the District Court of the City and County of Denver, Hon. Gilbert A. Walker, Judge.*

Mr. EDWARD AUSLANDER, Mr. WILLIAM H. DICKSON, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. SAMUEL CHUTKOW, assistant, for the people.

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE plaintiff in error was convicted on a charge of unlawfully manufacturing for sale and having in possession intoxicating liquors, having been prior thereto convicted of a like offense under our prohibitive statutes, which make the second offense, after conviction, a felony. The information was in the language of the statute. It is contended that the omission of the word "feloniously" renders the information bad in charging a felony. We have many times held that an information in the language of the statute is sufficient. The statute itself so provides. Sec. 1950, R. S. 1908. In *Tracy v. The People,* 65 Colo. 226-228, 176 Pac. 280, we used this language: "It has been repeatedly held in this state that an indictment or information is sufficient which describes an offense either in the language of the statute, or so plainly that the nature of the crime may be readily and easily understood by a jury. *Dougherty v. People,* 1 Colo. 514; *Cohen v. People,* 7 Colo. 274, 3 Pac. 385; *Imboden v. People,* 40 Colo. 142, 90 Pac. 608; *Knepper v. People,* (63 Colo. 396), 165 Pac. 779."

There is no merit in the other two assignments of error. Supersedeas denied. Judgment affirmed.

MR. JUSTICE TELLER and MR. JUSTICE DENISON concur.