## No. 10,670.

### HIGHFILL v. ERMENCE.

Decided June 4, 1923.

Action to rescind contract. Judgment for plaintiff.

*Affirmed.*

### On Application for Supersedeas.

1. FRAUD—*Actionable Misrepresentations.* A false statement by one party to another, that a lease can be extended upon its expiration, upon which the other acts to his injury, is an actionable misrepresentation.

2. *Misrepresentations—Expression of Opinion—Jury Question.* A fraudulent misrepresentation cannot be the mere expression of an opinion entertained by the party making it, but where he does not state it as the expression of his opinion, but affirms it as a fact, it may be a fraudulent representation, and whether such a statement is to be treated as expression of opinion or the statement of a fact, is for the jury.

3. JUDGMENT—*Presumptions.* On review, all presumptions are in favor of the judgment of the trial court.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Messrs. Irwin & Friend, for plaintiff in error.

Mr. Edwin H. Park, for defendant in error.

*Department Three.*

Mr. Chief Justice Teller delivered the opinion of the court.

Defendant in error was plaintiff in a suit against plaintiff in error to rescind a contract of purchase of a lease and the furniture of a rooming-house.

The complaint alleged misrepresentation and fraud, in that the defendant falsely stated the amount of the income of the house, and that, with knowledge that the lease could not be extended beyond the date of its expiration, which was a few months after the making of the contract, he assured plaintiff that the lease could be extended; and that defendant also falsely stated to the plaintiff that he did not know where the landlord resided or could be found.

The case was tried to the court who found for the plaintiff, and entered judgment for a rescission of the contract, and the return to plaintiff of the money which he had paid thereunder.

It is assigned as error that the court's findings are not supported by the evidence. It is urged that the statement as to the income is too indefinite to make it actionable. It it also contended that the statement in regard to the lease is not actionable because it was the expression of a mere opinion.

The court found generally for the plaintiff, and we are not advised, therefore, as to whether he entered judgment upon the ground that misrepresentations had been made in regard to the income, or as to the extension of the lease, or both.

We are of the opinion that the judgment is justified upon the ground that defendant's statement as to the ex-

tension of the lease was an actionable misrepresentation. The rule as laid down in this jurisdiction is:

"That a fraudulent misrepresentation cannot itself be the mere expression of an opinion entertained by the party making it, but where such party makes a statement which might otherwise be only an opinion, and does not state it as the mere expression of his opinion, but affirms it as a fact, material to the transaction to which it relates, so that the person to whom it is addressed may reasonably treat it as a fact, and rely and act upon it accordingly, then such statement becomes an affirmation of a fact, within the meaning of the general rule, and may be a fraudulent misrepresentation. 2 Pomeroy's Equity (2d ed.) § 878. If the representations are of such character that they will bear either the construction that they were expressions of opinion, or statements of fact, the question, which they were, must be decided by the jury. * * * But in order to justify a finding that they were representations of fact, they must be statements susceptible of knowledge as distinguished from opinion." *Bank v. Hammond*, 25 Colo. 367, 372, 55 Pac. 1090, 1091.

While it is true, as urged by defendant, that the expressions used by defendant are not identical with those set out in the complaint, they are substantially the same, and would inevitably produce in the mind of plaintiff the same effect as those alleged. Plaintiff and several of his witnesses testified that when he asked about the lease, he stated to defendant that he did not wish to buy the furniture unless the lease could be extended, and that, thereupon, the defendant assured him that the lease could be extended, and said, in answer to an inquiry as to the landlord's residence, that he did not know where the landlord lived.

The landlord himself testified that he had, a short time before the making of the contract, informed the defendant that he would not extend the lease, as he intended to occupy the premises himself, and gave defendant a card

showing his place of residence, which was but two blocks from the rooming-house.

The trial being to the court and all presumptions being in favor of the judgment, we must presume that the court, upon the issue whether this was a statement of fact or of opinion, found that it was one of fact.

The case comes clearly within the rule above stated. It is manifest that the defendant's statements as to the lease and his denying knowledge of the landlord's residence when he had such knowledge, were inducing causes of plaintiff entering into the contract. Under the circumstances it would be a gross miscarriage of justice to allow the defendant to retain plaintiff's money.

The supersedeas is accordingly denied and the judgment affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.