No. 10,457.

MORTON *v.* THE PEOPLE.

Decided July 2, 1923.

Plaintiff in error was convicted of obtaining money under false pretenses.

*Reversed.*

1. CRIMINAL LAW—*False Pretenses—Elements.* False representations to be actionable, must be of an existing fact, past or present. Statements of opinion, or estimates, or promises are not actionable.

2. *False Pretenses—Information—Evidence.* Allegations of an information and evidence in a criminal case reviewed, and held not to support a conviction for false pretenses.

*Error to the District Court of the City and County of Denver, Hon. Samuel W. Johnson, Judge.*

Mr. John Horne Chiles, Mr. Jacob L. Sherman, for plaintiff in error.

Mr. Victor E. Keyes, attorney general, Mr. Samuel Chutkow, assistant, Mr. Charles R. Conlee, assistant, Mr. Russell W. Fleming, attorney general, Mr. Harold Clark Thompson, assistant, for the people.

*Department Three.*

Mr. Chief Justice Teller delivered the opinion of the court.

Plaintiff in error was convicted of obtaining money under false pretenses, and brings error.

The information on which he was convicted charges that he obtained from one Grimm $400, part of the purchase price of a truck which he sold to Grimm on representations that he and one Durham were operating a sawmill and tie camp, and had enough railroad ties out and ready to haul to last six men hauling with trucks six months, to be delivered at Morrison, Englewood and intermediate points; that the ties were being rapidly skidded down the mountain to a place where they could be loaded; that the said Morton and Durham had a payroll of $2,000 per month and that he, the said Morton, knew that there was no chance or risk of Grimm's running out of hauling, if he bought the truck; that said representations were false in that in truth the payroll of the camp did not exceed $500 per month; that there were not enough ties cut and on the ground to keep said trucks hauling for six months or anything like that amount, nor to exceed 600 ties cut ready for skidding or hauling; that said Grimm did all the hauling there was in said camp in about two weeks.

A demurrer and a motion to quash the information were overruled. The principal error urged is that the facts set out in the information do not in law constitute false pretenses, and that the evidence shows that the inducement to Grimm to buy the truck was a written contract, set

out in the information, which contract is not claimed to contain any false representations.

It is urged that false representations, even in a civil suit, to be actionable, must be of an existing fact, past or present; that statements of opinion, or estimates, or promises are not actionable. That this is the law is not to be disputed. The question is, are any of the alleged representations more than statements of opinion or estimates. The information does not negative any material statement of fact, but simply denies that there were ties enough to keep the prosecuting witness busy for the time named in defendant's estimate. It appears in evidence that defendant had a tie camp, and sawmill, and owned, or had leased, some 2,000 acres of timber land; had five to ten men working at said camp, and did have some ties, props and lumber to haul. It would appear, then, that statements as to the facts were true, but that the estimates as to what time would be required to haul the ties and other material to be hauled were far from correct. But they were mere matter of opinion. However that may be, it appears that before the money was paid on the truck, the prosecuting witness had been to the camp, and had opportunity to judge for himself what material was there to be hauled, an opportunity also to determine what force was there employed. This all occurred before he paid the money on the truck.

When asked what detailed investigation he made as to the things to be hauled, when he was on the ground, before he paid the money, he answered that he made no such investigation, and said:

"I thought Mr. Morton's statements were sufficient. I relied just enough on it that I did not think it was necessary to make any inquiry whatever. I was convinced that there was an actual business in operation there; and that they were actually skidding down ties. I saw the mill and lumber and it gave evidence of just having been recently milled, and I was perfectly convinced that everything he

had told me was true, and I did not make any inquiries as to how many ties were cut in the woods."

He further testified as follows, referring to a conversation with the defendant:

"I said then emphatically, the purchase of the truck was a secondary consideration and that if I got a contract I would buy a truck; whether it was that truck or another, I did not say, but that I would buy a truck if I got a contract that was satisfactory to me; I would buy if I could make some money." It appears, then, that Grimm purchased the truck because he obtained a contract for hauling, and that when he had opportunity to determine as to the value of the contract, he chose to take the defendant's estimate of the amount of work which the contract would give him. The court erred in not sustaining the demurrer, and in refusing to direct a verdict for defendant.

Plaintiff in error contends also that the evidence does not show that he got any money as charged; that there is a variance between the evidence and the information. Since the judgment must be reversed for the reasons above stated, it is unnecessary to consider these other assignments. The judgment is reversed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.