## No. 10,583.

## Muse *v.* Marx.

Decided October 5, 1925.

Action to cancel deed on the ground of fraud. Decree for plaintiff.

### *Affirmed.*

1. Fraud—*Pleading—Mis-Representations—Fact or Promise.* In an action to cancel a deed on the ground of fraud, a false representation that a "hydro carbon burner" with an improvement on the same was of great value and would be a world beater, held to be of a material fact, not a mere promise or opinion, and actionable.

2. Appeal and Error—*Sufficiency of Evidence.* In an action to set aside a deed on the ground of fraud, evidence of false representations reviewed, and held sufficient to support a decree for cancellation.

*Error to the District Court of Arapahoe County, Hon. S. W. Johnson, Judge.*

Mr. Edwin N. Burdick, Mr. Clarence O. Moore, for plaintiff in error.

Mr. A. B. Manning, for defendant in error.

*Department Three.*

Mr. Chief Justice Allen delivered the opinion of the court.

This is a suit to cancel a deed on the ground of fraud. Judgment for plaintiff. Defendant brings the cause here for review.

The plaintiff in error contends, in effect, that the amended complaint fails to state a cause of action, and that the evidence is insufficient to support the decree.

As to the first contention, it is argued that the alleged false representations made by defendant below did not concern past or existing facts, so as to be actionable. According to the allegations of the amended complaint, plaintiff transferred to defendant certain real estate in consideration of defendant's assigning to plaintiff the right to manufacture and sell an article called a "hydro carbon burner," together with an improvement on the same, then existent, without which the article would be useless. It is alleged that to induce plaintiff to make the trade or exchange, defendant falsely represented that the burner, with the improvement, was of great value, and that "although the burner itself was of no value that with the improvement said burner would be a world beater." Whatever may be said of other representations of defendant, as set forth in the amended complaint, the representation above mentioned was one of a material fact, and not a mere promise or opinion. It was actionable. *Highfill v. Ermence,* 73 Colo. 478, 216 Pac. 533. The amended complaint stated a cause of action.

The witness Breuch testified to the effect that defendant had represented to him that an improvement for the burner had been perfected and that she had the right to use the same. The plaintiff testified, among other things, to the effect that defendant represented to him that an improvement had been perfected for the burner and that it is a "world beater;" and that he would have the right to use the improvement in the manufacture and sale of the article. All this happened before plaintiff transferred his property to defendant. It seems that both parties understood that the burner was of but little value without some improvement which would prevent carbonizing, and that some device or improvement was essential to make the article marketable.

Questions as to falsity of, or reliance upon, any alleged false representations are not raised in the argument. The controversy is as to the nature of the representations, whether of a present material fact, or otherwise. The

record, when viewed in the light of the contentions made, contains sufficient evidence to support the decree. It follows, therefore, that the judgment must be, and it accordingly is, affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.