No. 11,257.

THE PEOPLE *v.* MARTIN.

Decided October 26, 1925.

Motion to quash the information was sustained by the trial court and the defendant discharged.

*Reversed.*

1. CRIMINAL LAW—*Confidence Game—Information.* An information charging a confidence game, which is in the language of section 6857, C. L. '21, is sufficient.

2. *Statutes—Constitutional Law.* Section 6857, C. L. '21, prescribing the form of an information charging a confidence game, does not violate section 16 of article 2 of the Constitution.

3.      *False Pretense.*  Where one makes a representation of value
        as an existing fact, other elements of the offense being present,
        it is a false pretense.

4.      *False Pretense—Representations.*  In a prosecution for false
        pretense, if the defendant claims that the alleged representa-
        tions were merely statements of opinion and not actionable, that
        question is for the jury.

*Error to the District Court of the City and County of
Denver, Hon. Henry Bray, Judge.*

Mr. FOSTER CLINE, Mr. A. L. BETKE, Mr. PAUL M. SEGAL,
Mr. HAROLD CLARK THOMPSON, for plaintiff in error.

No appearance for defendant in error.

*En banc.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the
court.

THIS is a case in which a motion to quash an informa-
tion was sustained, following which ruling the defendant
was discharged and his bondsmen released.  The district
attorney brings the cause here on error, under section 7113,
C. L. 1921, to review the decision of the trial court upon
such question or questions of law as were presented by
defendant's motion to quash.

The information contained two counts.  The first charged,
or attempted to charge, the commission of the crime de-
fined by section 6930, C. L. 1921, which is commonly re-
ferred to as "false pretenses."  The second count charged,
or attempted to charge, the commission of a crime de-
fined by section 6856, C. L. 1921, which crime is commonly
designated as the "confidence game."

The second count is in the language of the statute, sec-
tion 6857, C. L. 1921, which prescribes the form of an
indictment under section 6856, supra.  The motion to quash
attacks this count on the ground that it is "a conclusion
of law" and "is vague, indefinite, uncertain and insuf-

ficient." In *Bridge v. People*, 63 Colo. 319, 165 Pac. 778, it was held that an information in the language of the statute here involved is sufficient. Section 16 of article 2 of the state Constitution provides that the accused shall have the right "to demand the nature and cause of the accusation." Statutes, such as ours, prescribing the form of an indictment or information under the "confidence game" statute, have been held not to violate such a constitutional provision. *Graham v. People*, 181 Ill. 477, 486, 55 N. E. 179, 47 L. R. A. 731.

It was error to sustain the motion to quash as to the second count of the information.

The first count of the information was assailed in the motion to quash upon two grounds: First, that it is vague and indefinite, etc.; and, second, that "any statements made by this defendant were statements of the defendant's opinion, subject to verification and were merely ordinary sales talk statements and not criminal."

As to the first ground, what has been said as to the second count applies here. The information is as complete and definite as that upheld in *Tracy v. People*, 65 Colo. 226, 176 Pac. 280.

The second ground, above mentioned, presents the principal question in this case, namely, was the alleged false pretense one of such nature as to be criminally actionable as such. The allegations in the information, so far as material here, are as follows: "* * * Did unlawfully, feloniously, knowingly, designedly and falsely pretend and represent * * * that he * * * was the owner of, in possession of, and had full right, power and authority to sell, exchange and dispose of twenty certain municipal bonds of the city of Frankfurt, Germany, of the amount and denomination of one million marks each, * * * and two certain municipal bonds of the city of Munich, Germany, of the amount and denomination of ten million marks each, * * * and one hundred certain bonds of the German Government of the amount and denomination of one hundred thousand marks, each. * * *

And that the said Frankfurt Municipal Bonds and each of them, were then and there of the value of one thousand dollars per million marks on the New York market, and that the said Munich municipal bonds and each of them were then and there of the value of one thousand dollars per million marks on the New York market, and that the said German Government bonds and each of them, were then and there of the value of one thousand dollars per million marks on the New York market  *  *  *."

These allegations bring the case within the rule, stated in 25 C. J. 597, that "where one makes a representation of value as an existing fact, other elements of the offense being present, it is a false pretense." See also *People v. Jordan*, 66 Cal. 10, 4 Pac. 773, 56 Am. Rep. 73; *Williams v. State*, 77 Ohio St. 468, 83 N. E. 802, 14 L. R. A. (N. S.) 1197.

We have applied a like rule, concerning statements claimed to be opinions, in civil cases. *Highfill v. Ermence*, 73 Colo. 478, 480, 216 Pac. 533; *Muse v. Marx*, 78 Colo. 90, 239 Pac. 881. In *Morton v. People*, 73 Colo. 576, 578, 216 Pac. 703, the allegations were held to be statements of opinion, and for that reason not actionable. If the defendant claims that the alleged representations were intended to be, and were, merely statements of opinion, that would be a question for the jury. *Bank v. Hammond*, 25 Colo. 367, 372, 55 Pac. 1090; *Williams v. State, supra.*

It was error to sustain the motion to quash as to either count.

The judgment is reversed, and the cause remanded with directions to reinstate the case and overrule the motion to quash.

The district attorney further moves or prays that, in event of a reversal of the ruling, we order the bond reinstated. That we decline to pass upon at this time.