No. 12,795.

Iwerks *v.* The People.

(298 Pac. 644)

Decided April 20, 1931.

Mr. John M. Keating, Mr. John W. Shireman, for plaintiff in error.

Mr. Clarence L. Ireland, Attorney General, Mr. Edward J. Plunkett, for the people.

*En Banc.*

Mr. Chief Justice Adams delivered the opinion of the court.

The defendant was charged with the commission of an alleged misdemeanor and pleaded not guilty. She was tried to the court, found guilty and sentenced to thirty days' imprisonment in the county jail. She brings the case here for review and asks for a supersedeas.

Omitting formal parts, the information charges that the defendant, Hazel Iwerks, in the county of Adams, state of Colorado, on January 15, 1931, ''being then and there lawfully in possession of ninety pounds of trout, did unlawfully transport said ninety pounds of trout within the state of Colorado without having first obtained therefor a permit from the State Game and Fish Commissioner for the transportation of said fish, contrary to the form of the statute * * *,'' etc. Counsel for defendant filed a motion in arrest of judgment on three grounds, the substance of all of which is that the information does not state facts sufficient to constitute a violation of any law. The motion was overruled, as was also a motion for new trial, based on these and other grounds. The only questions necessary to be discussed are: (1) Whether defendant's act as laid in the information constitutes a crime; and (2) whether her objections were properly raised.

Since it is alleged in the information that defendant was lawfully in possession of the trout, it precludes inquiry as to where or how she acquired them. The gist of the alleged offense is their unlawful transportation, said to be unlawful because they were transported without a permit from the commissioner, but unless it be shown that the statute required defendant to have such permit, it follows that she has been sentenced to jail for an innocent act and the judgment must be reversed. It is easier to designate numerous sections of

the game and fish law not covered by the information than to find one that fits it. We are given to understand that the conviction was for a supposed violation of section 1507, C. L. 1921, and therefore we confine ourselves to this section. It reads in part as follows: ''When any person lawfully in possession of game or fish shall desire to transport the same within this state, the transportation of which is not herein otherwise provided for, or out of this state, the commissioner may, upon being satisfied that the possession and transportation is not in violation of the spirit of this act, grant a permit therefor, and thereafter during the period of ten days after its date, such transportation shall be lawful between the points therein named. Such permit shall be substantially in the following form: * * *''

We do not construe the above section to mean that every person lawfully in possession of game or fish is required under all circumstances to have a transportation permit from the commissioner before moving such property within the state, but this appears to be the theory upon which defendant has been deprived of her liberty. It is of course true that the game and fish law properly requires licenses and permits in specified instances, but none of them is here involved. We interpret section 1507, C. L. 1921, as merely providing one of the means of obtaining a transportation permit, and prescribing the general form thereof, but only when and if the law requires such permit, and when such transportation is not otherwise provided for by some other section of the act. Section 1507 is to facilitate the enforcement of the law; it does not pretend to create a statutory crime of any degree, and the information states nothing that warrants defendant's detention.

The Attorney General does not defend the information, but contends that defendant's objections, having been first advanced by motion in arrest of judgment and by motion for new trial, came too late. If the objections were technical, or only as to matters of form,

not affecting the real merits, or if the information had been such that it could have been cured by amendment or a new information, the ·contention of the Attorney General would be more tenable. Section 7068, C. L. 1921; *Bridge v. People,* 63 Colo. 319, 165 Pac. 778. But the point goes to the real merits, the information is destitute of any criminal charge, and, ''If any essential ingredient of an offense is omitted advantage thereof may be taken, at any stage of the proceedings, even by motion in arrest of judgment after sentence has been pronounced.'' *Magee v. People,* 79 Colo. 328, 330, 332, 245 Pac. 708.

This case presents a situation analagous to a general demurrer for failure to state a cause of action, or demurrer for want of jurisdiction over the subject matter, because defendant is not charged with the commission of any act that constitutes a crime to invoke jurisdiction. It is self-evident that even so, it would have been better for all concerned to have made all objections to the information before the plea of not guilty (*Magee v. People, supra,* at page 333), but failure to move to quash the information under these circumstances was not fatal to the defense. *Julian v. People,* 67 Colo. 152, 186 Pac. 714; *Magee v. People, supra.* Defendant's present counsel are entitled to the explanation that they were not employed in the case until after the trial.

The judgment is reversed with directions to dismiss the action.