No. 12,967.

ALBERT ET AL. *v.* THE PEOPLE.

(7 P. [2d] 822)

Decided January 25, 1932.

Mr. A. T. STEWART, for plaintiffs in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. WALLACE S. PORTH, Assistant, for the people.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFFS in error were convicted of aggravated robbery in the district court of Pueblo county and sentenced

to the penitentiary. They seek a supersedeas and reversal, claiming that the information is insufficient because it fails to allege ownership of the money taken from the complaining witness.

The information charges: "That Charles Albert, alias Joseph Lewis Brownie, Mann Brewer, Andrew Sando and another person whose name is, to the District Attorney, unknown, on or about the 16th day of May, A. D. 1931, at the County of Pueblo, State of Colorado, being then and there armed with dangerous weapons, to-wit: pistols loaded with gunpowder and leaden balls, then and there with intent, if resisted, to kill, maim and wound one V. L. Hyatt, on the person of the said V. L. Hyatt, did feloniously, violently and by force and intimidation make an assault and him the said V. L. Hyatt did then and there feloniously, violently and by force and intimidation put in bodily fear and danger of his life, and seven hundred twenty-seven dollars ($727.00) in money, of the value of seven hundred twenty-seven dollars ($727.00) from the person and against the will of the said V. L. Hyatt, then and there feloniously, violently and by force and intimidation did rob, steal, take and carry away, * * *''

Chapter 81, Session Laws of 1931, provides:

"Robbery is the felonious and violent taking of money, goods or other valuable thing from the person of another by force or intimidation. Every defendant found guilty of robbery, except as hereinafter provided, shall be punished by confinement in the penitentiary for a term of not less than one nor more than fourteen years. Every defendant found guilty of robbery shall be confined in the penitentiary for a term of not less than two years, or for life:

"(a) If in the perpetration of such robbery he is armed with a dangerous weapon with intent, if resisted, to kill, maim or wound the person robbed or any other person."

Except as to punishment, this is a restatement of the provisions of section 6718, C. L. 1921.

Section 7062, C. L. '21, provides: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of this code, or so plainly that the nature of the offense may be easily understood by the jury."

Section 7071, C. L. '21, provides: "The offense charged in any information shall be stated in plain, concise language, without prolixity or unnecessary repetition."

Section 7073, C. L. '21, provides: "All provisions of law applying to prosecutions upon indictments, * * * shall to the same extent and in the same manner as near as may be, apply to informations and to all prosecutions and proceedings thereon."

Section 7103, C. L. '21, provides: "* * * and no indictment or information shall be deemed insufficient, nor shall the trial, judgment or other proceedings thereon be reversed or affected by any defect which does not tend to prejudice the substantial rights of the defendant on the merits."

■ The information substantially follows the terms of the statute, its language is plain, easily understood, and a prosecution thereunder cannot be held to have prejudiced the substantial rights of the plaintiffs in error.

In *Cliff v. People,* 84 Colo. 254, 269 Pac. 907, the defendant challenged the sufficiency of the information. We there stated at page 258: "We cannot sustain these objections. The information charges embezzlement, with great particularity, and in terms so plain that the nature of the offense may be easily understood, not only by the defendant, but also by the jury. That is sufficient. C. L. §7062; *Sarno v. People,* 74 Colo. 528, 223 Pac. 41. That they did understand the nature of the offense charged, there can be no doubt. Objections to technical defects that do not tend to prejudice the substantial rights of the defendant on the merits, are not encouraged. C. L §7103; *Balfe v. People,* 66 Colo. 94, 179 Pac. 137; *Henry v. People,* 72 Colo. 5, 209 Pac. 511; *May v. People,* 77 Colo. 432, 435, 236 Pac. 1022; *Gizewski v. People,* 78 Colo.

123, 239 Pac. 1026; *Fries v. People,* 80 Colo. 430, 252 Pac. 341; *Koontz v. People,* 82 Colo. 589, 263 Pac. 19.''

In *Sarno v. People,* 74 Colo. 528, 223 Pac. 41, the following appears: ''It is not necessary to follow the exact language of the statute. It is sufficient that the offense be charged in language from which the nature of it may be readily understood by the accused and the jury. *Tracy v. People,* 65 Colo. 226, 176 Pac. 280.''

In *Tracy v. People,* 65 Colo. 226, 228, 176 Pac. 280, it is held: ''It has been repeatedly held in this state that an indictment or information is sufficient which describes an offense either in the language of the statute, or so plainly that the nature of the crime may be readily and easily understood by a jury. *Dougherty v. People,* 1 Colo. 514; *Cohen v. People,* 7 Colo. 274, 3 Pac. 385; *Imboden v. People,* 40 Colo. 142, 90 Pac. 608; *Knepper v. People,* 63 Colo. 396, 167 Pac. 779.'' See also *Bridge v. People,* 63 Colo. 319, 165 Pac. 778.

Accordingly the judgment is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.