No. 12,750.

ARNETT ET AL. *v*. THE PEOPLE.

(11 P. [2d] 806)

Decided April 25, 1932.   Rehearing denied May 31, 1932.

Mr. JOSEPH K. BOZARD, Mr. J. F. MEADOR, for plaintiffs in error.

Mr. JOHN S. UNDERWOOD, Attorney General, Mr. CLARENCE L. IRELAND, Attorney General, Mr. E. J. PLUNKETT, Assistant, Mr. WALLACE S. PORTH, Assistant, for the people.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

ROBERT and Walter Arnett, brothers, were tried, convicted and sentenced in the district court of Routt county

for obtaining money by means of the confidence game. They here seek to review this judgment contending that (1) the information, and (2) the evidence introduced thereunder, are insufficient to support the verdict.

The information charges: "That Robert A. Arnett and Walter G. Arnett late of the County of Routt and State of Colorado, on or about the 19th day of December in the year of our Lord one thousand nine hundred and 28 at and within the County and State aforesaid did then and there unlawfully and feloniously obtain and procure from one W. F. Cross the sum of Four hundred and nine dollars ($409.) in lawful money of the United States by means and by use of the confidence game. * * *"

█ 1. It is claimed that this information is insufficient because it fails to allege ownership of the money obtained. A similar question was presented to this court and determined January 25, 1932. *Albert v. People,* 90 Colo. 219, 7 P. (2d) 822. Therein after quoting various applicable statutes and numerous Colorado cases, we held: "The information substantially follows the terms of the statute, its language is plain, easily understood, and a prosecution thereunder cannot be held to have prejudiced the substantial rights of the plaintiffs in error." This language is equally applicable and conclusive here.

2. The record discloses that defendants, in order to obtain a loan of $650 from one Cross, falsely represented that they were the owners of certain cattle; that Cross, believing said false representations to be true, gave to defendants his three checks aggregating $648.50, taking as security therefor defendants' note and chattel mortgage on said cattle and other personal property. The checks were cashed by defendants. It appears that the cattle so mortgaged were in fact owned by one W. H. Smith. Defendants denied Smith's ownership and claimed that at the time of the execution of said mortgage the cattle therein mentioned were owned by Robert Arnett. All of the testimony except that of defendants

tends to corroborate Smith's ownership. Under this state of the record it is difficult to imagine how any jury of intelligent and unprejudiced men could have returned any but a verdict of guilty.

It is further urged that the evidence is insufficient to support the verdict because defendants received checks and not money. They received checks and Cross' money thereby authorized to be paid. In these circumstances, it would seem ridiculous to hold that such variance between allegation and proof constitutes reversible error. *Compton v. People*, 84 Colo. 106, 268 Pac. 577.

Other assignments of error do not merit discussion.

It clearly appears that the defendants have had a fair and impartial trial and accordingly the judgment is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.