No. 13,037.

LESSER *v.* PORTER ET AL.
(30 P. [2d] 318)

Decided February 19, 1934.

Mr. WALDO RIFFENBURG, for plaintiff in error.

Mr. G. H. BRADFIELD, for defendants in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

Conrod Lesser sued William Tecumseh Porter and Helen Porter for damages for inducing him by false representations to enter into a contract for the purchase of a farm. At the close of plaintiff's evidence the court granted a nonsuit and dismissed the case.

There are two false representations alleged in the complaint; namely, that the farm contained 90 acres, and that it was worth $24,000. The trial court held that there was no evidence of the falsity of the representation as to acreage, and that the plaintiff's evidence did not show that the representation as to value was a representation of a fact as distinguished from the expression of an opinion.

■ 1. The transaction occurred in October, 1928. William T. Porter, who acted for himself and his wife, Helen A., signed and swore to the 1928 and 1929 tax schedules, in which the acreage of the property was given as 60 acres. That was sufficient to go to the jury on the question of the falsity of the representation that the farm contained 90 acres.

■ 2. The parties were negotiating for the sale and purchase of the farm. Conrod testified that Porter represented to him that the farm was worth $24,000; that he (Conrod) believed the representation; and that had he not believed it he would not have entered into the contract. He introduced evidence of the falsity of the representation and of the damages suffered by him.

The law in this state is well settled. In *Lewis v. Winslow,* 77 Colo. 95, 98, 234 Pac. 1070, we stated it in these words: "* * * representations of value, or cost or quality, of property, if made with the purpose of having them accepted by the party to whom they are made, as of fact, and so relied upon, are to be treated as representations of fact." And see *American National Bank v. Hammond,* 25 Colo. 367, 55 Pac. 1090; *Groves v. Chase,* 60 Colo. 155, 151 Pac. 913; *Highfill v. Ermence,* 73 Colo. 478, 216 Pac. 533; *Muse v. Marx,* 78 Colo. 90, 239 Pac.

881; *People v. Martin,* 78 Colo. 200, 240 Pac. 695; *Cahill v. Readon,* 85 Colo. 9, 273 Pac. 653. The present case comes within the rule announced in those cases. In the circumstances, the question whether or not the representation was one of fact was a jury question. It was reversible error to grant the nonsuit and dismiss the case.

The judgment is reversed, and the cause is remanded for a new trial.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BOUCK concur.