No. 16,149.

HOSKINS *v.* THE PEOPLE.
(200 P. [2d] 932)

Decided November 29, 1948.

Mr. THOMAS CAMPBELL, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. FRANK A. WACHOB, Assistant, for the people.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was returned guilty of burglary with force and larceny and sentenced to the penitentiary for a term of fifteen months to four years. To review that judgment he prosecutes this writ alleging that the information was defective and the verdict was unsupported by the evidence.

1. One McWilliams operated an automobile service station, dealing in tires, tubes, antifreeze, etc. Shortly after midnight early in July of the present year, the place was burglarized and property of the approximate value of $190.00 was taken. A short distance therefrom, and immediately after the commission of the offense, officers stopped and arrested defendant and his brother James, and in the automobile in which they were riding found the stolen property. James pleaded guilty, took the stand for defendant in the instant case, exonerated his brother and testified that the burglary and larceny were committed by himself alone. His story was that as he departed from the scene with the purloined property in his car he accidentally met the defendant (at about 1:30 A. M.) and asked him to ride. Defendant did not testify. However, there was evidence that certain tools, stolen from the McWilliams place, were in defendant's pocket when he was arrested and that James, contrary to the testimony he gave on the trial, told a police officer that after breaking he went for defendant and together

they returned and secured the loot. Clearly defendant was thus implicated and the jurors were the sole judges of the disputed facts. Even in cold type the testimony of James, in the light of admitted circumstances, bears all the earmarks of fabrication.

2. After the first witness for the prosecution was sworn and his examination begun, counsel for defendant asked that the jury be excused while he made a motion. This done he moved orally that the information be dismissed because it did not recite the facts with sufficient particularity, i. e., that the street and number of the McWilliam's place was not given. The motion was denied and the trial proceeded. The information complied with the statute. Sec. 457, chap. 48, '35 C.S.A. There is no indication that the omission complained of could possibly have prejudiced defendant. Moreover, if the objection had any merit it came too late. Sec. 453, chap. 48, '35 C.S.A.; *Critchfield v. People,* 91 Colo. 127, 13 P. (2d) 270.

Counsel for defendant relies upon our statement in *Iwerks v. People,* 88 Colo. 578, 298 Pac. 644, i. e., "If any essential ingredient of an offense is omitted advantage thereof may be taken, at any stage of the proceedings." The answer is that from the statute cited, supra, it appears that the omission here relied upon was no "essential ingredient" of the offense.

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE STONE and MR. JUSTICE HAYS concur.