[No. 4760.]

## JACKSON V. McFALL.

1.  **Mines and Mining—Patents—Adverse Suits—Complaint.**

Section 267, Mills' Ann. Code, provides that if a plaintiff claims the legal right to occupy and possess a mining claim under the local laws and rules of any mining district, or of the United States, the state of Colorado, or otherwise, the complaint shall contain a brief statement of such possessory claim, and whether the right claimed is by pre-emption or purchase, or by actual prior possession on the public domain of the United States. Held, that a complaint alleging that plaintiff claims the legal right to occupy and possess the premises, and that he is entitled to the possession thereof by virtue of a full compliance with the local laws and rules of miners in said mining district, the laws of the United States, and the state of Colorado, by pre-emption and by actual prior possession, as a lode mining claim located on the public domain of the United States, is sufficient.—P. 121.

2.  **Appellate Practice—Form of Verdict—No Objection Below.**

Objection to the form of the verdict cannot be raised for the first time in the appellate court.—P. 122.

3.  **Appellate Practice—Verdict—Errors not Affecting Substantial Rights—Harmless Error.**

In an adverse suit against an application for a patent to a mining claim, the fact that the judgment recited that plaintiff is entitled to possession by "purchase," whereas the verdict based such right on "location," is at most but an error or defect in the judgment, which must be disregarded, under the mandate of §78 of Mills' Ann. Code, as not affecting the substantial rights of the appellant.—P. 122.

*Appeal from the District Court of Boulder County.*
*Hon. James E. Garrigues, Judge.*

Action by J. B. McFall against P. B. Jackson on an adverse against an application for a patent for a mining claim. From a judgment in favor of the plaintiff, defendant appeals.        *Affirmed.*

Mr. GEORGE S. ADAMS, for appellant.

Mr. J. T. ATWOOD, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This action was in support of an adverse claim against an application for patent for two lode mining claims.

The allegations of the complaint pertinent to this opinion, in substance are: That since May 3, 1875, plaintiff was and is the owner and in the actual occupation of the Mt. Sterling lode mining claim, 1500 feet in length by 150 feet in width, situated in Gold Hill mining district, Boulder county; that he is, and at all times mentioned in the complaint, has been a citizen of the United States.

The third paragraph of the complaint is: "That he has and claims the legal right to occupy and possess said premises, and is entitled to the possession thereof by virtue of a full compliance with the local laws and rules of miners in said mining district, the laws of the United States, and the state of Colorado, by pre-emption and by actual prior possession as a lode mining claim, located on the public domain of the United States."

The other allegations, are those usually found in complaints in actions of this character.

The answer is a general denial; a cross-complaint alleged ownership and title by possession, discovery, location and record, by the defendant, of three lode mining claims, alleged to have been discovered and located in 1897.

The reply joined issue upon the allegations of the cross-complaint.

At the close of the evidence, upon motion of plaintiff, the court instructed the jury to return a verdict in favor of plaintiff, which was done, and judgment entered thereon.

The contention of appellant is, that the complaint did not state facts sufficient to constitute a

cause of action, and therefore, the court erred in overruling his objection to the introduction of any testimony.

The position of appellant is thus stated in the brief of his counsel:

"The second assignment of error is the admitting of evidence on the part of the plaintiff tending to prove the following proposition, viz:

"(1)   There had been discovered a mineral bearing lode or vein within the boundaries of the Mt. Sterling claim.

"(2)   That there had been erected on the Mt. Sterling claim a discovery stake or notice.

"(3)   There had been sunk on the said Mt. Sterling claim a discovery shaft.

"(4)   That the boundaries of the said Mt. Sterling claim had been marked.

"(5)   That a location certificate of said Mt. Sterling claim had been filed and recorded in the county clerk's office, Boulder county, Colorado.

"The above are essential facts, without proof of which the plaintiff was not entitled to a verdict or judgment, as was recognized by the plaintiff and so held by the trial court.   And yet, not one of them was averred in the complaint herein filed."

Section 267, Mills' Ann. Code, *inter alia,* provides:

"If such plaintiff claims the legal right to occupy and possess the premises under the local laws and rules of any mining district, or of the United States, the state of Colorado, or otherwise, the complaint shall contain a brief statement of such possessory claim, and whether the right claimed is by preemption or purchase, or by right of actual prior possession on the public domain of the United States."

The third paragraph of the complaint above quoted, is framed pursuant to the above provisions of the Code, and contains all the necessary allegations therein specified. The whole complaint follows very closely the form given by Mr. Morrison in his Mining Rights, 10th ed., 419, a form which has been in use in this state many years and has been approved by this court in *Lebanon M. Co. v. Cons. Rep. M. Co.*, 6 Colo. 371; *Bushell v. Crooke M. & S. Co.*, 12 Colo. 247.

There was no error in the ruling complained of.

Objection is made, for the first time, in this court, to the form of the verdict.

Objection to the form of the verdict cannot be raised for the first time in this court.—*Quimby v. Boyd*, 8 Colo. 194.

It is objected, that the judgment does not follow the verdict, in that the judgment recites "That the plaintiff is the owner of and entitled to the possession and occupancy by *purchase* and location." The word *"purchase"* is objected to. The use of this word, being at most an error or defect in the judgment, which does not affect the substantial rights of appellant, under the mandate of § 78 Mills' Ann. Code, must be disregarded.

There being no error in the record the judgment will be affirmed.                                  *Affirmed.*

The CHIEF JUSTICE and Mr. JUSTICE GUNTER concurring.