[No. 13895.   Department One.   June 22, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. GREAT NORTHERN RAILWAY COMPANY, *Appellant*.[1]

COMMERCE—INTERSTATE COMMERCE — INTOXICATING LIQUOR — PERMITS—STATUTES—CONSTRUCTION.   Since the Webb-Kenyon act, 1914 Fed. Stat. Ann. 208 (U. S. Comp. St. 1916, § 8739), was intended to divest of their interstate commerce character shipments of liquor in violation of state laws, it prohibits an interstate shipment into this state made in violation of Rem. Code, § 6262-18, which makes it unlawful for a transportation company to transport intoxicating liquor into the state without a permit issued by the county auditor and affixed to the parcel containing the liquor; hence it is immaterial to the rights of the railroad company shipping the liquor that the breach of the prohibition law related to the manner of shipment and that there is no general prohibition of the shipment of intoxicating liquor into the state.

SAME.   Since the Webb-Kenyon act (U. S. Comp. St. 1916, § 8739) divests of their interstate commerce character shipments of liquor in violation of state laws, it is immaterial whether that act repealed U. S. penal statutes, §§ 238 to 240, Act. Cong. March 4, 1909, as to the manner of labeling, transporting, and delivering interstate liquor shipments.

[1]Reported in 165 Pac. 1073; 167 Pac. 1117.

INTOXICATING LIQUORS — SHIPMENTS — PERMITS — STATUTES.   Although a permit for the shipment of liquor into the state had been issued, the shipment would be illegal unless the permit were affixed to the parcel, as required by Rem. Code, § 6262-18.

Appeal from a judgment of the superior court for Whatcom county, Pemberton, J., entered August 4, 1916, upon findings in favor of the plaintiff, in an action seeking the seizure and destruction of intoxicating liquors shipped into the state in violation of the prohibition law, after a trial on the merits to the court without a jury.  Affirmed.

*F. V. Brown, F. G. Dorety,* and *R. J. Hagman,* for appellant.

*The Attorney General* and *L. L. Thompson, Assistant,* and *W. P. Brown,* for respondent.

MAIN, J.—The purpose of this action was to cause the seizure and destruction of intoxicating liquor which, it was claimed, had been transported into this state in violation of law.  The trial resulted in a judgment directing the destruction of the liquor.  From this judgment, one of the defendants, the Great Northern Railway Company, appeals.

The facts are these:  The subject of the controversy is fifteen casks of whiskey, of the value of five or six hundred dollars.  On February 9, 1916, these casks were shipped by the Bernheim Distilling Company, at Louisville, Kentucky, to Collins & Company, regularly licensed pharmacists and druggists, in the city of Bellingham.  The casks of whiskey arrived in Bellingham in due course of transportation, and were held by the railway company at its warehouse at that point awaiting delivery to the consignee, Collins & Company, at the time the warrant was issued and the property seized by the sheriff.  No permit, as required by § 18 of the prohibition law, Laws of 1915, ch. 2, p. 13 (Rem. Code, § 6262-18), was affixed to the casks at the time of shipment, or at any time prior to the seizure.  It is claimed by the appellant that, since the breach of the prohibition law related to the manner of shipment, and there was no violation of a law

which prohibited the shipment of intoxicating liquor into the
state, the railroad company had the right to carry the
whiskey as an article of interstate commerce, even though in
doing so it violated a provision of the prohibition law as to
the manner or conditions upon which the transportation would
be permitted. The act Congress passed during the year
1913, and known as the Webb-Kenyon law, 1914 Fed. Stat.
Ann. 208 (U. S. Comp. St. 1916, § 8739) prohibits the ship-
ment or transportation of intoxicating liquor from one state
into another when such shipment would violate any law of the
state into which the shipment is made.

The question, then, is whether that law was intended to
prohibit the shipment when there was only a violation of the
state law as to the manner of shipment, and there was no
general prohibition in the state statute against the shipment
of liquor into the state. In *Clark Distilling Co. v. Western
Maryland R. Co.*, 242 U. S. 311, Ann. Cas. 1917B 845, L. R.
A. 1917B 1218, the plaintiff sought to compel the railroad
company to transport a shipment of liquor from the state of
Maryland to a point of delivery in the state of West Virginia,
there being in force in the latter state at the time a prohibi-
tion law. In the course of the opinion in that case, and speak-
ing with reference to the scope of the Webb-Kenyon act, it
was said:

"Reading the Webb-Kenyon Law in the light thus thrown
upon it by the Wilson Act and the decisions of this court
which sustained and applied it, there is no room for doubt
that it was enacted simply to extend that which was done by
the Wilson Act; that is to say, its purpose was to prevent
the immunity characteristic of interstate commerce from be-
ing used to permit the receipt of liquor through such com-
merce in states contrary to their laws, and thus in effect af-
ford a means of subterfuge and indirection to set such laws
at naught. In this light it is clear that the Webb-Kenyon
Act, if effect is to be given to its text, but operated so as
to cause the prohibitions of the West Virginia law against
shipment, receipt, and possession to be applicable and con-
trolling irrespective of whether the state law did or did not

prohibit the individual use of liquor. That such also was the embodied spirit of the Webb-Kenyon Act plainly appears, since, if that be not true, the coming into being of the act is wholly inexplicable.

"The case in this court relied upon to establish the contrary (*Adams Exp. Co. v. Kentucky*, 238 U. S. 190, 59 L. Ed. 1267, L. R. A. 1916C 273, 35 Sup. Ct. Rep. 824, Ann. Cas. 1915D 1167), clearly does not do so. All that was decided in that case was that, as the court of last resort of Kentucky, into which liquor had been shipped, had held that the state statute did not forbid shipment and receipt of liquor for personal use, therefore the Webb-Kenyon Act did not apply, since it only applied to things which the state law prohibited. The leading state case cited is *Van Winkle v. State*, 4 Boyce (Del.) 578, 91 Atl. 385, Ann. Cas. 1916D 104. It is true in that case the state law prohibited shipment to and receipt of intoxicants in local-option territory, and if the Webb-Kenyon Law had been applied, there would have been no possible ground for claiming that the state prohibitions could be escaped because the liquor was shipped in interstate commerce. But the shipment was held to be protected as interstate commerce despite the state prohibition because the Webb-Kenyon Law was not correctly applied, for the following reason: Coming to consider the text of that law, the court said that as the Webb-Kenyon Act prohibited the shipment of intoxicants 'only when liquor is intended to be used in violation of the law of the state,' and as the liquor shipped was intended for personal use, which was not forbidden, therefore the shipment, although prohibited by the state law, was beyond the reach of the Webb-Kenyon Act. But we see no ground for following the ruling thus made, since, as we have already pointed out, it necessarily rested upon an entire misconception of the text of the Webb-Kenyon Act, because that act did not simply forbid the introduction of liquor into a state for a prohibited use, but took the protection of interstate commerce away from all receipt and possession of liquor prohibited by state law.

"The movement of liquor in interstate commerce and the receipt and possession and right to sell prohibited by the state law having been in express terms divested by the Webb-Kenyon Act of their interstate commerce character, it follows that if that act was within the power of Congress to

adopt, there is no possible reason for holding that to enforce the prohibitions of the state law would conflict with the commerce clause of the constitution; and this brings us to the last question, which is:

"4.  Did Congress have power to enact the Webb-Kenyon Law?"

Then follows a discussion and holding which sustains the power of Congress to enact the Webb-Kenyon Law.  From the excerpt quoted from that opinion, it appears that the movement of liquor in interstate commerce, which is prohibited by the state law, is divested by the Webb-Kenyon Act of its character as interstate commerce.  The purpose of the act was to prevent the immunity characteristic of interstate commerce from being used to permit the receipt of liquor through such commerce "in states contrary to their laws."

Under the doctrine announced in that case, we think that intoxicating liquor is divested of its character of interstate commerce by the Webb-Kenyon Act, where its shipment into the state violates the state statute as to the manner or conditions upon which such shipments may be made.  The shipment here in controversy violated the section of the prohibition law which makes it unlawful for a railroad company, or other transportation company, to transport or convey intoxicating liquor into the state without having a permit issued by the county auditor "affixed in a conspicuous place to the parcel or package containing the liquor."

The briefs in the case now before us were written and filed prior to the decision in *Clark Distilling Co. v. Western Maryland R. Co.*, *supra*, and we think the other questions presented are answered adversely to the appellant's contention in that case.

The judgment will be affirmed.

Ellis, C. J., Chadwick, Morris, and Webster, JJ., concur.

## On Petition for Rehearing.

### [*En Banc.*   October 16, 1917.]

Per Curiam.—Since the opinion in this case was filed, a petition has been presented by the appellant, in which complaint is made because the court did not consider more in detail two questions presented in the appellant's brief and upon the oral argument.

The first of these questions was whether the labeling, marking, and manner of transporting, handling, and delivering the liquor shipment in question was, or should be, regulated by §§ 238, 239, and 240 of the penal statutes of the United States, act of Congress of March 4, 1909, c. 321, 35 Stat. 1136 (U. S. Comp. St. 1916, §§ 10408, 10409, 10410), and whether, under § 8, article 1 of the United States constitution, the provisions of this statute were exclusive of legislation by the states upon the same subject.

The other contention was that, under § 17 of initiative measure No. 3 (Rem. Code, § 6262-17) and the permit issued by the county auditor, the shipment of liquor in question was a permitted one, and therefore a lawful shipment under the laws of the state of Washington, and was not subject to the provisions of the Webb-Kenyon act (act March 1, 1913, c. 90, 37 Stat. 699 [U. S. Comp. St. 1916, § 8739]).

We think both of these questions were sufficiently covered, though in general language, in the original opinion. That opinion was rested upon the recent decision of the Federal supreme court in the case of *Clark Distilling Co. v. Western Maryland R. Co.*, 242 U. S. 311, Ann. Cas. 1917B 845, L. R. A. 1917B 1218. It was there held that the purpose of the Webb-Kenyon act was to prevent the immunity characteristic of interstate commerce from being used to permit the receipt of liquor through such commerce "in states contrary to their laws," and that the "regulation which the Webb-Kenyon act contains permits state prohibitions to apply to movements of liquor from one state into another."

In this case, the liquor was seized under the provisions of the state law (initiative measure No. 3, Laws of 1915, chap. 2, p. 2; Rem. Code, § 6262-1 *et seq.*). Whether the Webb-Kenyon act repealed §§ 238, 239, and 240 of the Federal penal statutes is a question not necessary for us to determine, because, if the Webb-Kenyon act divested intoxicating liquor of its character as interstate commerce when it was brought into the state contrary to the laws thereof, it would seem to necessarily follow that it would be subject to the state laws, since it no longer had the character of interstate commerce.

Upon the last question above stated—that the shipment was a permitted one, because a permit had been issued by the county auditor, and was therefore not subject to the provisions of the Webb-Kenyon act—it may be said that, while the permit had been issued, it was not attached to the shipment, as required by § 18 of initiative measure No. 3 (Rem. Code, § 6262-18). Without a permit being affixed, as required by the statute, it would be a shipment contrary to the laws of the state, and its character as interstate commerce would thereby be divested. In our opinion, we may say again that the *Clark Distilling Co.* case is controlling.

The petition will be denied.