[No. 14140. Department One. July 31, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. H. M. OWEN, *Appellant.*[1]

INDICTMENT AND INFORMATION—DUPLICITY—PENDING PLEA. The question of duplicity in an information can only be raised by demurrer or motion to quash, or by motion to compel an election, and same will not be entertained while a plea of not guilty is pending.

CONSTITUTIONAL LAW—LEGISLATIVE FUNCTIONS. Whether the seventh amendment to the state constitution is violative of U. S. Const., art. 4, § 4, guaranteeing a republican form of government, is a Federal question, and the Federal courts uniformly hold that the guarantee is of a political character exclusively committed to Congress and beyond the jurisdiction of the courts.

UNITED STATES—REPUBLICAN FORM OF GOVERNMENT. The admission by Congress of Senators and Representatives from this state since the adoption of the seventh amendment to the state constitution, conclusively recognizes the republican character of our state government under the amendment.

COMMERCE—INTOXICATING LIQUORS—REGULATION OF STATES. Rem. Code, § 6262-20, is not violative of the commerce clause of the Federal constitution, since the Webb-Kenyon act (U. S. Comp. St. 1916, § 8739) authorizes state legislation controlling interstate shipments of intoxicating liquors, and divests such shipments of their character of interstate commerce when violative of state law.

SAME— OFFENSES — ILLEGAL TRANSPORTATION — EVIDENCE — SUFFICIENCY. A conviction for transporting liquors not labeled as required by law, is sustained where it appears that the accused operated a jitney, and was hired by others to go to Montana, and ·returned with two half-gallon jugs and one five-gallon demijohn of whiskey in the car, none of the containers having the required permit attached, the accused lending himself and his car to the unlawful enterprise after having knowledge of the presence of the whiskey shortly after reentering this state.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered October 17, 1916, upon a trial and conviction of violating the prohibition law. Affirmed.

[1]Reported in 166 Pac. 793.

*A. C. Shaw,* for appellant.

*John B. White,* for respondent.

ELLIS, C. J.—Defendant, Owen, and three other men were charged in the justice court, Spokane county, with a violation of §§ 15 and 20 of chapter 2 of Laws of 1915, pp. 10, 13, commonly referred to as initiative measure No. 3 (Rem. Code, §§ 6262-15, 6262-20). Section 15 prescribes the form of permit to be issued by the county auditor for the transportation of intoxicating liquor within this state, and provides,

"It shall be unlawful for any person to ship, carry or transport any intoxicating liquor within the state without having attached thereto or to the package or parcel containing the same, such permit, or to transport or ship under said permit an amount in excess of the amount or quantity hereinbefore limited." Rem. Code, § 6262-15.

Section 20 (Id., § 6262-20) makes it unlawful to transport or receive within this state any intoxicating liquor unless the parcel or package containing such liquor be clearly and plainly marked in large letters: "This Package Contains Intoxicating Liquor."

The charging part of the complaint here involved is as follows:

"That on or about the 9th day of June, A. D. 1916, in the county of Spokane, state of Washington, the said defendants, J. W. Critzer, M. H. Owen, B. M. Barton and Cornelius Oosterveer, then and there being, did then and there wilfully and unlawfully transport and carry from the state of Montana and bring into the state of Washington and into Spokane county, Washington, and did then and there have in their possession 6½ gallons of whiskey contained in one five gallon demijohn, two one-half gallon glass demijohns, and two quart bottles without the said packages containing said whiskey being marked as required by law and without any permits being attached thereto, as required by law, and the said quantity of whiskey being in excess of the quantity permitted to be in possession of said defendants, contrary to the

statutes in such case made and provided and against the peace and dignity of the state of Washington."

Critzer and Oosterveer pleaded guilty and were fined by the justice. Barton and defendant stood trial, were convicted, and appealed to the superior court, where Barton also entered a plea of guilty and was fined. Defendant Owen pleaded not guilty, stood trial, was by the jury found guilty as charged, and was by the court sentenced to pay a fine of $200 and costs. From the judgment of conviction and sentence, he prosecutes this appeal. The evidence will be noticed in the course of our discussion.

First, contending that the complaint made several distinct charges, appellant, at the opening of the trial, but without withdrawing his plea of not guilty, moved the court to compel the state to elect whether he should be tried (1) for having in his possession whiskey without a permit, or (2) for having in his possession whiskey with a permit but in excess of the permitted quantity, or (3) for transporting or carrying within the state whiskey without a permit, or (4) for so transporting or carrying whiskey with a permit but in excess of the permitted quantity. The overruling of this motion is assigned as error. The question of duplicity can only be raised by demurrer or motion to quash in the nature of a demurrer or by motion to compel an election. But such demurrer or motion cannot be entertained while a plea of not guilty is pending. The motion was properly overruled. *State v. McBride*, 72 Wash. 390, 130 Pac. 486; *State v. Phillips*, 65 Wash. 324, 118 Pac. 43; *State v. Blanchard*, 11 Wash. 116, 39 Pac. 377.

Next, contending that the seventh amendment to the state constitution providing for the initiative and referendum is void as violative of § 4, art. 4, of the Federal constitution guaranteeing to every state a republican form of government, and that initiative measure No. 3, enacted pursuant to that amendment, is therefore void, appellant again objected to the introduction of any evidence. The overruling of this

ground of objection is assigned as error. So far as it presents a question within the cognizance of any court, this presents a Federal question, and the Federal supreme court has uniformly held that the constitutional guaranty of a republican form of government is of a political character exclusively committed to Congress, and as such is beyond the jurisdiction of the courts. *Pacific States Tel. & Tel. Co. v. Oregon*, 223 U. S. 118.

In this particular contention appellant is not asserting an infringement of any of his own constitutional rights. As pointed out in the case above cited, the assault made by the contention here advanced is not on the law as a law, "but on the state as a state. It is addressed to the framework and political character of the government by which the statute . . . was passed," not to the statute itself. See, also, 6 R. C. L. 44 and 45, and cases there cited, and note 50 L. R. A. (N. S.) 196 and 197. Congress, the body to which the matter is exclusively committed, has foreclosed the question by admitting into the councils of the Union senators and representatives from this state ever since the adoption of the seventh amendment to our constitution, thus recognizing the republican character of our state government notwithstanding that amendment. *Pacific States Tel. & Tel. Co. v. Oregon, supra.*

Appellant further asserts that § 20 of initiative measure No. 3 (Id., § 6262-20) is violative of the commerce clause of the Federal constitution and of the act of Congress of March 1, 1913, known as the Webb-Kenyon act. [U. S. Comp. St. 1916, § 8739.] In what respect it is conceived that this section violates any provision of the Webb-Kenyon act, counsel has not made plain. The question, however, is no longer an open one. In *Clark Distilling Co. v. Western Maryland R. Co.*, 242 U. S. 311, Ann. Cas. 1917B 845, L. R. A. 1917B 1218, the Federal supreme court, holding that act constitutional, construed it as authorizing legislation by the several states prohibiting, regulating or controlling interstate ship-

ment or transportation of intoxicating liquors.' By the Webb-Kenyon act, the shipment or transportation of such liquors is divested of its character of interstate commerce whenever violative of the state statute. *State v. Great Northern R. Co., ante* p. 137, 165 Pac. 1073; *State v. Warburton, ante* p. 242, 166 Pac. 615; *Gottstein v. Lister*, 88 Wash. 462, 153 Pac. 595.

Finally, it is contended in a general way that the evidence was insufficient to sustain a conviction and that a verdict of acquittal should have been directed, or at least a new trial should have been granted. The undisputed evidence shows that appellant was part owner of, or as he expressed it, had an interest in an automobile which he operated as a jitney for hire in and about the city of Spokane. He was approached by Barton, apparently acting for Oosterveer and Critzer, and agreed to take these men in this car on a journey for a consideration of $40, which he said he did not know whether he had received at the time of trial or not. He took Barton along, as he said at one time, to help him drive, and at another, merely because Barton wanted to go. At any rate he admitted that Barton did, from time to time, relieve him at the wheel. He claimed that he did not know where he was hired to go, but was told sometime after starting that the destination was Troy, Montana, where Oosterveer and Critzer expected to buy a hotel. At one time he said Barton told him the journey was to be a fishing trip. He testified that the party left Spokane at about seven o'clock in the morning and reached Troy, Montana, about nine o'clock that night. He and Barton took dinner at a restaurant, and after overhauling the car and reinflating the tires, looked for the other two men, finally locating them in a saloon. Soon afterwards the party started on the return to Spokane, appellant and Barton occupying the front and the other two men the back seat. Appellant claimed that he did not then know that there was any whiskey in the car. The party traveled all night, and at about six o'clock next morning near Newport,

Washington, an axle of the machine broke and a new one was ordered from Spokane. Appellant claims that, at this time, he discovered two half-gallon jugs of whiskey in the automobile and a wooden box, which box Oosterveer and Critzer took out of the machine and left in the woods. He also reluctantly admitted that he then discovered a five-gallon demijohn which he thinks had theretofore been encased in the box, but did not know that it contained whiskey. He testified that the two half-gallon jugs then had permits attached to them. The new axle arrived about three o'clock in the afternoon, and the party resumed their journey with Barton at the wheel and appellant sitting beside him. At Mead, Washington, they were met by two deputy sheriffs in an automobile, dashed past them, were pursued by them and finally overtaken and placed under arrest at Hillyard. The deputies found the two half-gallon jugs of whiskey in the front end of the car under appellant's feet, and a five-gallon wicker covered demijohn of whiskey sitting in the back of the car between Oosterveer and Critzer. None of these containers had a permit attached and none of them was marked "This Package Contains Intoxicating Liquors."

Such is the purport of the evidence, and we think it amply sufficient to sustain the verdict. The jury was justified in believing that none of the containers of the whiskey ever had a permit attached, and it is not claimed that either of them was ever marked as required by law. Even assuming that appellant did not know of the presence of the whiskey till shortly after entering the state of Washington at six o'clock in the morning, an assumption which taxes credulity, he knew it then, but continued to lend himself and his machine to the prosecution of what he then must have known was an unlawful enterprise. He was thenceforth an aider and abettor, and as such punishable as a principal. Rem. Code, § 2260.

The judgment is affirmed.

HOLCOMB, MORRIS, MAIN, and CHADWICK, JJ., concur.