## No. 10,291.

### THE PEOPLE *v.* FONTUCCIO.

Decided May 7, 1923.

Prosecution for inciting employes to strike. Information quashed and defendant discharged.

### *Reversed.*

1. CRIMINAL LAW—*Information—Sufficiency.* An information which charges the offense in the language of the statute, or so plainly that the nature of the crime may be readily understood by a jury, is sufficient.

2. *Inciting Strike—Information.* An information under the provisions of chapter 180, S. L. 1915, for inciting employes to strike, held sufficient.

3. *Information—Motion to Quash.* Whether or not a motion to quash an information, made after the impaneling of the jury, is too late, commented upon, but not decided.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. VICTOR E. KEYES, attorney general, Mr. SAMUEL CHUTKOW, assistant, Mr. JOHN A. CARRUTHERS, Mr. T. C. TURNER, Mr. WILLIS L. STRACHAN, for plaintiff in error.

Messrs. ORR & LITTLE, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error was charged by information with inciting certain employees of a corporation to strike, prior to an investigation of the dispute by the Industrial Commission of Colorado. Four similar cases were consolidated with this case for trial. When a jury had been empanelled and sworn defendants moved the court to quash the infor-

mation.  The motion was sustained, the jury dismissed, and the defendants discharged.

The attorney general brings the case here on error under section 1997, R. S. 1908, (Sec. 7113 C. L. 1921).  He contends that the court erred in sustaining the motion to quash after the jury was sworn, and that he erred also in holding that the information did not charge an offense. The record is very unsatisfactory, the bill of exceptions having been stricken because not signed in time, as a consequence of which action we are without record information as to the grounds upon which a motion to quash was made and sustained.

The prosecution was under chapter 180 Laws of 1915, which provides for the submission of labor disputes to the Industrial Commission for investigation and appropriate action.

Section 30 of the act is as follows:

"It shall be unlawful for any employer to declare or cause a lockout, or for any employee to go on strike, on account of any dispute prior to or during an investigation, hearing, or arbitration of such dispute by the commission, or the board, under the provisions of this act."

Section 33 provides that:

"Any person who incites, encourages or aids in any manner any employer to declare or continue a lockout, or any employee to go or continue on strike, contrary to the provisions of this act, shall be guilty of a misdemeanor, etc."

The first named section makes it unlawful to go on strike prior to such action as the commission is required to take in any dispute; the other section makes it an offense to incite one to go on strike, contrary to the provisions of the act; *i. e.*, before the commission has made its investigation, etc.

The information charged that:

"The defendant did then and there wilfully and unlawfully incite, encourage and aid certain employees of the Pikes Peak Fuel Company"—naming them—"to go on

strike prior to an investigation, hearing or arbitration of the dispute between said employers and employees by the Industrial Commission of Colorado, etc."

Counsel for plaintiff in error represent that the information was held insufficient because it contained no allegation that there was a dispute.

Whether that be the ground upon which the court acted or not, it is sufficient to say that the offense is charged in the language of the statute except for the substitution of the word "the" for the word "such" before the word "dispute". It has been many times held by this court that a charge in the language of the statute is sufficient. That rule is announced in *Tracy v. People,* 65 Colo. 226, 176 Pac..280, with the additional statement that it is sufficient if it is stated "so plainly that the nature of the crime may be readily  *  *  *  understood by a jury."

The slight change above mentioned makes the charge clearer than if stated in the language of the statute; since from the term "the dispute" it may properly be inferred, that there was a dispute.

Further, the jury would naturally and almost inevitably infer that a dispute existed from the fact that employees had gone on strike or had been incited to go on strike. The information was sufficient and the court erred in sustaining a motion to quash it.

The objection that a motion to quash was made too late because made after the empanelling of the jury would, under the authorities cited by plaintiff in error, be good if it appeared from the record as a matter of fact that the motion was made after arraignment and plea. The record contains nothing as to the arraignment and plea. We cannot therefore pass on the question which the state has raised.

The judgment is accordingly reversed.

MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL concur.