[No. 20015.   Department Two.   February 18, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES
YOUNG, *Appellant*.[1]

[1] HEALTH (7)—OFFENSES—POSSESSION OF NARCOTICS—ELEMENTS
OF OFFENSE—PLEADING AND PROOF. It is not necessary to allege
or prove that possession of narcotics was without a physician's
certificate or contrary to the laws of the United States, under
Rem. 1923 Sup. § 2509-3 making possession of narcotics with
intent to ·sell a crime, except when obtained on a physician's
certificate, and Id. § 2509-5, making it unnecessary to allege
or prove any negative allegation.

[2] INDICTMENT AND INFORMATION (83)—DUPLICITY—WAIVER—TIME
FOR MOTION. The objection of duplicity in an information is
waived by plea of not guilty without raising the question by
demurrer or motion to quash or to compel an election, which
can not be taken while a plea of not guilty is pending.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered October 3, 1925,
upon a trial and conviction of the unlawful possession
of narcotics. Affirmed.

*Edward M. Connelly,* for appellant.

*Chas. H. Leavy* and *C. W. Greenough,* for respondent.

MACKINTOSH, C. J.—The information upon which the
appellant was tried and convicted charged that he did
unlawfully "have in his possession certain narcotic
drugs, . . . with intent to sell, furnish and dispose of same, . . ." and then proceeded to state
that this possession was without a physician's prescription and also that the possession had been obtained
contrary to state and federal laws.

[1] The appellant claims that he was entitled to a
dismissal for the reason that there was no evidence

¹Reported in 253 Pac. 637.

offered by the state supporting the allegations of the state that he had acquired the narcotics in violation of law, and that therefore the charge in the information had not been proven.

Under section 3, chapter 47, Laws of 1923, p. 134; Rem. 1923 Sup., § 2509-3, it is made a crime for any person to have narcotics in his possession with intent to sell, except that they have been obtained on a physician's prescription. By another paragraph of that same section, it is made unlawful for anyone to have in his possession any narcotics, unless the same shall have been obtained in pursuance to the laws of this state or of the United States. By section 5 of the act [Rem. 1923 Sup., § 2509-5], it is made unnecessary, in any prosecution for a violation of the act, for the information to set forth any negative allegation, or for the state to prove that the defendant does not come within any of the exceptions in the act, but that such exceptions shall be considered as a matter of defense and the burden placed upon the defendant to show that he comes within the exceptions. It was therefore unnecessary for the state to have alleged in its information, either that the appellant had acquired the narcotics without a physician's prescription, or contrary to the laws of the state and of the United States. The state, having confined itself in its proof to testimony showing the appellant's possession with intent to sell, was entitled to a conviction, if the testimony was believed by the jury, without the introduction of any further testimony; and, by the act, it not having been incumbent upon the state to prove the exceptions which would furnish an excuse to the appellant for his possession, the appellant is not entitled to a judgment of dismissal because of the failure to produce such proof.

In the case of *State v. Lee,* 127 Wash. 377, 220 Pac.

753, the question was left open as to whether, in an information charging unlawful possession with intent to sell, there could also be included the other crime created by the act, that is, the crime of possession through unlawful acquisition.

[2] It is the contention of the appellant that the information upon which he was tried charged two crimes: one the possession with intent to sell, and the other, unlawful possession through unlawful acquisition; and that, for that reason, the complaint was duplicitous. But this point is not saved to the appellant, by reason of the fact that the record shows that his plea of not guilty had never been withdrawn for the purpose of demurring to the information, and we have held that the question of duplicity can only be raised by a demurrer or motion to quash, or by motion to compel an election, but that such action can not be taken while a plea of not guilty is pending. *State v. Owen,* 97 Wash. 466, 166 Pac. 793.

The question left open by the case of *State v. Lee* is therefore not determinable in this case, and in fact is probably no longer of any importance, for the reason that chapter 109, Laws Extraordinary Session of 1925 [Laws of 1925, p. 168], permits the joining in an information of separate counts, and it would appear that the state, if it was desirous of charging a defendant with both unlawful possession and possession with intent to sell, can now join those charges by separate counts, and thus escape the uncertainty of whether in the charge of possession with intent to sell could be included the charge of unlawful possession.

There being no error in the record, the judgment is affirmed.

MAIN, BRIDGES, TOLMAN, and ASKREN, JJ., concur.