**The People of the State of Illinois, Defendant in Error, v. Ray Henley, Plaintiff in Error.**

Opinion filed July 26, 1929.

FRANK G. THOMPSON and NEIL H. THOMPSON, for plaintiff in error.

JOE FRANK ALLEN, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The first count of the information charged plaintiff in error with the unlawful possession of intoxicating liquor and the second count charged unlawful transportation. He was found not guilty under the first count and guilty under the second. His first contention is that the information is insufficient to charge a criminal offense and that the court erred in denying his motion to quash. The record shows that he filed a plea of not guilty and thereafter made his motion to quash. A motion to quash an indictment after the defendant has entered a plea of not guilty cannot be considered unless leave is obtained to withdraw the plea. *People v. Smith,* 318 Ill. 114. We are of the opinion, however, that the information is sufficient and that if the motion to quash had been made at the proper time it should have been overruled.

The sheriff and his deputy testified that they met plaintiff in error north of Ina, Illinois, about 6:30 p. m. on the day in question; that plaintiff in error was driving a Ford car; that after the meeting the sheriff drove his car down the road until he reached a point where he could safely turn around and that he and his deputy then followed the Ford car for some distance but were unable to overtake it; that while pursuing the car the containers were thrown from the Ford car along the highway; that these containers were picked up by the

sheriff and his deputy and were found to contain intoxicating liquor.

Plaintiff in error denied that he was in the vicinity of Ina, Illinois, on the evening in question; that he went to his father's house in Mt. Vernon about 6 o'clock on the day in question and that about 6:20 p. m. he took his father, mother and brother to the hospital in Mt. Vernon, and was at the hospital from about 6:30 until 8 p. m. He was corroborated by the testimony of his three relatives aforesaid and by a Mr. Gepner who testified that he had been at the hospital for several days for treatment and that on the night in question plaintiff in error came to his room in the hospital about 7 p. m. and talked with him and gave him a package of cigarettes.

In the state of the record it was highly essential that the jury should be accurately instructed. The People's sixth given instruction told the jury that the rule requiring them to be satisfied of a defendant's guilt beyond a reasonable doubt, in order to warrant a conviction, does not require that the jury should be satisfied, beyond a reasonable doubt, of each link in the chain of circumstances relied upon to establish the defendant's guilt. That it is sufficient, if, taking the testimony all together, the jury are satisfied beyond a reasonable doubt that the defendant is guilty. That instruction has been frequently condemned and the Supreme Court has often said it should not be given. *People v. Rogers,* 324 Ill. 224.

The People's third instruction concluded as follows:

"You are not at liberty to disbelieve as jurors, if you believe as men; your oath imposes on you no obligation to doubt where no doubt would exist if no oath had been administered." Such an instruction was held to be erroneous in *People v. Gardner,* 237 Ill. App. 211.

The sheriff testified on cross-examination that on the morning of the trial and before the case was called for trial, he gave his deputy and one or two others drinks

from one of the containers. He also testified that one of the parties who drank some of the liquor on that morning was William M. Walker, who was a member of the jury that was trying the case at the time the sheriff testified. It does not appear from the record whether Mr. Walker had been summoned as a juror at the time he was treated by the sheriff, nor does it appear that the sheriff then knew that Mr. Walker was to serve on the jury. Neither does it appear what, if anything, was said by the sheriff to Mr. Walker at the time he gave him some of the liquor. Plaintiff in error moved the court to withdraw a juror and continue the case or allow a new trial. His motion was denied. We are of the opinion that the court should have allowed the motion. In the state of the record we cannot say that the giving of the portion of the liquor in question to one of the jurors who tried the case was not harmful to plaintiff in error. A sheriff should not use liquor in the manner disclosed by the record unless for the sole purpose of having a witness to testify as to whether or not it is intoxicating liquor. It is seldom necessary to even do that. To have a person sample the liquor in question and then serve as a juror in the same case is highly calculated to bring the administration of justice into disrepute. The court should have allowed the motion. For the reason aforesaid, the judgment is reversed and the cause remanded for a new trial on the second count of the information.

*Reversed and remanded.*