This appeal is from a judgment in the lower court sustaining findings of fact and an order of the state department of public works granting Grays Harbor Pacific Railway Company the right to construct an overhead crossing over the common carrier railroad line of appellant and the Chicago, Milwaukee, St. Paul and Pacific Railroad in Grays Harbor county.
A main line of railroad, belonging to appellant and used and operated jointly by it and the Chicago, Milwaukee, St. Paul and Pacific Railroad Company, extends west from Centralia to Hoquiam along the south shore of the Chehalis river. A small portion of this line near Centralia is not jointly used by the Chicago, Milwaukee, St. Paul and Pacific Railroad Company and appellant. Appellant individually owns *Page 667 
and operates a branch railroad extending in a general north and south direction at right angles to the main line and joining the latter at a point near Cosmopolis. This is known as the North River branch and follows the stream of that name. Both the main line and the branch line are common carriers.
The Grays Harbor Pacific Railway Company was incorporated in 1929 to be operated as a toll logging railroad. For brevity, it will hereinafter be called the logging railway. It at once projected a railroad line substantially paralleling the North River branch of appellant. It extends southward to the timber lands belonging to the incorporators from a tide-water point known as Preacher's slough on the Chehalis river. From the latter point the line rises on a rapidly ascending grade and will cross the main line of appellant and the North River branch above grade on overhead bridges or trestles, grade crossings being found impracticable because of the topography of the country.
The logging railway applied to the department of public works for authority to establish these crossings, and the department, after hearings, granted the application, divided the expense of the crossing between that railway and appellant and its co-owner, and authorized the logging railway to proceed with construction immediately. The Milwaukee railway was not cited by the department at the inception of the proceedings, and did not appear or take part in the hearings, but after the conclusion of the hearings it voluntarily appeared by stipulation and agreed to be subject to any order the same as if it had been a party originally.
The department of public works apportioned the cost of the overhead crossings ninety-nine per cent to the logging railway and one per cent to the Milwaukee railway and appellant. The cost of the two crossings *Page 668 
was estimated to be $2,300. It thus appears that the almost nominal sum of $23 was apportioned as the costs to be paid by the Milwaukee and appellant, but the department did not apportion that amount between those two companies. At the time of the institution of the proceeding before the department by the logging railway, it had not procured the right-of-way across the main or branch line of appellant, but had commenced condemnation proceedings. An order of necessity for the appropriation has been entered in favor of the logging railway, which has been brought here for review and, recently, has been affirmed. (See State exrel. Oregon-Wash. R. Nav. Co. v. Superior Court, ante p. 651,286 P. 33; also State ex rel. Oregon Wash. R. Co. v.Superior Court, ante p. 661, 286 P. 37.
[1] On appeal from the order of the lower court sustaining the department, the first error assigned and urged is based upon the contention that the department of public works had no jurisdiction of the subject-matter involved. This contention is founded upon the assertion that the department has no authority to permit, or to forbid, the crossing of one railroad over another at other than common grade. Rem. Comp. Stat., § 10513, in part provides:
"Whenever any railroad company desires to cross any highway or railroad at grade, it shall file a written petition with the commission setting forth the reasons why the crossing cannot be made either above or below grade, . . ."
It is argued from the above language that it is only when the commission's (now department's) power is thus invoked to determine whether the crossing shall be made at grade, or overhead, or under ground, and if it finds that a grade separation is impracticable, that *Page 669 
it must authorize a grade crossing; that it has no other jurisdiction whatever over such matters.
We find in the petition of the logging railway to the department the following:
"That petitioner desires to cross said existing lines of railroad of the Oregon-Washington Railroad Navigation Company at grade if under-crossings and over-crossings are not practicable, but is willing to construct its said railroad over the said existing lines of railroad by means of over-crossings if the department of public works finds it is practicable to do so."
Under the allegation of the petition, the department undoubtedly had jurisdiction to determine whether a grade crossing should be permitted. The fact that the petitioner itself, in its presentation of the matter to the department, showed conditions in the topography of the country at the crossings in question by reason of which grade crossings would be impracticable and nothing but over-crossings would be practicable, does not alter the matter.
[2] Neither is the fact that the logging railway, the petitioner in that proceeding, had not then procured or condemned the rights-of-way for such crossings material or important.
[3] Under our law, it was incumbent upon it to procure rights-of-way either by purchase or condemnation. State ex rel.Puget Sound Willapa Harbor R. Co. v. Northern Pacific R. Co.,94 Wn. 10, 161 P. 850; id., 97 Wn. 701, 166 P. 793;State ex rel. Tacoma Eastern R. Co. v. Northern Pacific R. Co.,104 Wn. 405, 176 P. 539; State ex rel. Spokane InternationalR. Co. v. Kuykendall, 128 Wn. 88, 222 P. 211.
In the last cited case, discussing the provisions of Rem. Comp. Stat., § 10513, we held that the state, through the department, had the right and power to *Page 670 
regulate within reasonable bounds the place where and the manner in which one railroad may cross another, although the constitution gives to every railroad the absolute right to intersect, cross, or connect, with any other railroad; that the legislature could regulate the exercise of that right, but not destroy it; that, under the constitution and the statute, the department has no power other than to permit a grade crossing if it finds that no other sort is practicable.
One of the purposes of conferring jurisdiction upon the department of public works was to ascertain the cost of such crossings and, in the first instance, to apportion it between the railroads affected. By the provisions of Rem. Comp. Stat., § 10516, as amended by Laws of 1925, Ex. Ses., p. 77, § 1 (Rem. 1927 Sup., § 10516, subd. c), whenever two or more railroads cross each other by an over-crossing or under-crossing or grade crossing, when required or permitted by the department, the portion of the expense of making such crossing not chargeable to the state or any municipality, etc., as the department may require to be constructed and maintained, shall be apportioned between the railroad companies by the department unless such companies shall mutually agree upon an apportionment. If it becomes necessary for the department to make an apportionment between the railroad companies, a hearing for that purpose shall be held of which at least ten days' notice shall be given.
It is manifest that the logging railway, when it initiated its proceedings before the department, did so for the purpose of determining the precise nature of the crossing to be permitted by the department so that it could proceed intelligently with its condemnation proceedings which had been found necessary, and in order to accurately ascertain the damages to the *Page 671 
railroad which was to be crossed. It is unimportant which proceeding was first prosecuted.
Since it was essential that the logging railway procure such right to cross, it is also essential that all damages for the land taken and other damages to the railroad crossed, should be ascertained and paid. See our cases, supra.
It is evident, therefore, regardless of the scope of authority and jurisdiction of the department, that appellant could be in no way injured by the proceeding before it, or its order.
[4] The second error urged by appellant is that the order of the department is erroneous because it failed to apportion between the Chicago, Milwaukee, St. Paul and Pacific Railroad Company and appellant the one per cent of the cost of the construction of the overhead crossing assessed to them.
Although appellant introduced evidence that its main line between Centralia and Hoquiam was occupied and used by it and the Chicago, Milwaukee, St. Paul Pacific Railroad Company, it introduced no evidence as to the nature of the contract between it and the Milwaukee. The order of the department only is that one per cent of the cost of the crossing is to be paid by them and directed that they attempt to agree as to a division of the costs between them. In case of their failure to agree, presumably the department can and will further proceed to adjust it, with undoubted jurisdiction, under the provisions of subd. c., § 10516, supra.
In the absence of a showing by the complaining company of the contract relation existing between it and the other joint occupant and user, it may not be considered as injuriously affected by such an order. Chicago, Burlington Quincy R. Co.v. Nebraska, 170 U.S. 57. *Page 672 
 [5] Appellant's third assignment of error is because of the terms of the order of the department in granting the right to the logging railway to construct its overhead crossing forthwith.
Under the well settled law in this jurisdiction, the logging railway could not proceed forthwith, until it had purchased or condemned the right so to do. The order of the department was undoubtedly merely permissive to the effect that so far as it was concerned, upon the acquisition of the right to cross at the crossings designated, the logging railway might proceed.
We can find no just ground for complaint on the part of the appellant concerning the order of the department or the judgment of the lower court affirming the same.
They are therefore affirmed.
MITCHELL, C.J., FULLERTON, MAIN, and FRENCH, JJ., concur. *Page 673