No. 12,399.

CRITCHFIELD *v.* THE PEOPLE.
(13 P. [2d] 270)

Decided May 2, 1932.  Rehearing denied June 27, 1932.

Mr. PAUL P. PROSSER, for plaintiff in error.

Mr. JOHN S. UNDERWOOD, Attorney General, Mr. E. J. PLUNKETT, Assistant, for the people.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

FRED Critchfield was convicted of a felony and sen-

tenced to the penitentiary. He prosecutes this writ, assigning as error: (1) The insufficiency of the the information; (2) the insufficiency of the verdict; (3) the appearance of special counsel; (4) erroneous rulings on evidence.

The information herein, evidently drawn under the provisions of section 6728, C. L. 1921, charged that defendant "* * * on or about the 9th day of October * * * at and within the * * * did then and there unlawfully and feloniously steal, embezzle, sell, drive, lead and carry away one red yearling heifer * * * of personal property, goods, and chattels of John Thams and thereby did then and there unlawfully and feloniously deprive the said John Thams, the owner there of the immediate possession of the said cattle, contrary to the form * * *." To the information, defendant entered his plea of not guilty, and thereafter the cause was set for trial before a jury.

After the jury had been impaneled and sworn, but before the introduction of any evidence, upon motion of the district attorney, additional counsel was endorsed for the people, to which defendant objected in the following language:

"Mr. Prosser: We object to the entering of that order at this time, your Honor,—I believe there are good grounds for this objection at this time.

"The Court: The objection will be overruled. I cannot see that the defendant is prejudiced in any way by the right for them to enter the case." To which ruling, the defendant excepted.

Immediately thereafter, counsel for the people, as well as counsel for defendant, made their opening statements, and counsel for defendant, after the first witness was called and sworn, thereupon interposed an objection to the introduction of any evidence, because: (a) The information is duplicitous in that it attempts to charge both larceny and embezzlement in the same count of the information; (b) the language of the information is re-

pugnant and contradictory; and (c) the information states no offense. After the evidence was completed and the jury instructed, it returned its verdict as follows: "* * * do, upon our oaths find the said defendant is guilty as charged in the information, with a recommendation for parole to the court."

■ 1. In order to determine the sufficiency of the information, we must first consider our statutes relative thereto. Section 7062, C. L. 1921, provides: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of this code, or so plainly that the nature of the offense may be easily understood by the jury * * *." Informations are governed by this section. In *Sweek v. People*, 85 Colo. 479, 485, 277 Pac. 1, this court said: "Section 7103, C. L., declares that, '* * * no indictment or information shall be deemed insufficient, nor shall the trial, judgment or other proceedings thereon be reversed or affected by any defect which does not tend to prejudice the substantial rights of the defendant on the merits.' In our decisions, we have given effect to the statutory command." See *Koontz v. People,* 82 Colo. 589, 263 Pac. 19; *Albert v. People,* 90 Colo. 219, 7 P. (2d) 822; *Arnett v. People,* 91 Colo. 56, 11 P. (2d) 806. We also note that section 7068, C. L. 1921, provides that, "All exceptions which go merely to the form of an indictment shall be made before trial, * * *." Section 7094, C. L. 1921, provides that, "When any defendant shall wish to demur, or move to quash an indictment, such defendant shall make such demurrer or motion in writing, and therein specially and particularly set down, state and point out the defects of, or reasons why such indictment should be quashed, and the court shall hear no other reasons than those so specially stated and set forth."

We understand defendant contends that the information is insufficient because (a) it is duplicitous; (b) inconsistent and repugnant; and (c) states no offense.

■ If the information is duplicitous, that fact is patent, and the question must be presented either by motion to quash or demurrer, and this in limine, because the rule against duplicity is for the benefit of defendant, and he may waive it. Bishop's New Crim. Proc., Vol. 1 (2d Ed.), §442; Wharton's Crim. Proc., Vol. II (10th Ed.), §1324; 31 C. J. 793; 14 R. C. L., p. 203, §46; *People v. Fontuccio,* 73 Colo. 288, 290, 215 Pac. 145; *State v. Henn,* 39 Minn. 464, 40 N. W. 564.

■ Neither a demurrer nor motion to quash can be properly made while a plea to the indictment or information stands. *People v. Fontuccio,* 73 Colo. 288, 290, 215 Pac. 145; *State v. Owen,* 97 Wash. 466, 166 Pac. 793, 794; *People v. Smith,* 318 Ill. 114, 122, 149 N. E. 3; *People v. Henley,* 254 Ill. App. 199, 200. Therefore, no error was committed in overruling the objection to the introduction of evidence interposed after the jury was sworn to try the issues, and the opening statements of counsel had been made and the trial had actually begun.

■ The information was sufficient under section 7062, C. L. 1921; any objection to the information must have been taken advantage of by a motion to quash, a demurrer or a motion to elect, the first two of which must be made before the trial. Section 7068, C. L. 1921. The motion to quash and the demurrer must be in writing. Section 7094, C. L. 1921. The substantial rights of the defendant could not have been prejudiced by the use of the word "embezzle" in the information, and so, under the provisions of section 7103, the information should not be held insufficient, and the judgment should not be reversed. It is also a generally accepted and well settled rule that no motion to quash can be considered while a plea to the information remains, and equally well settled that the sufficiency of the information cannot be raised by an objection to the introduction of evidence. For aught that appears herein, the opening statements of counsel not having been reported and extended, the district attorney may have elected, in his opening statement, to

proceed on the charge of larceny, and, even if the information was subject to the criticism of duplicity, this election in the opening statement would be sufficient.

2. Defendant challenges the sufficiency of the verdict because, he contends, that by it he is found guilty of the crimes of larceny and embezzlement, both of which were charged in a one count information. No objection was made to the form of verdict given, and, in the absence of such an objection, we cannot consider any error therein raised for the first time in this court. *Jackson v. McFall*, 36 Colo. 119, 122, 85 Pac. 638.

3. Error is assigned in granting permission for the appearance of special counsel for the people. The motion, order and objection thereto are hereinbefore set forth. We do not approve of the action of the district attorney or the trial court in this respect, and suggest that counsel should be given ample notice of all counsel to appear in the trial of a cause, so that the opportunity of interrogating prospective jurors may be full and complete. If, after accepting the jury, defendant's counsel had desired further opportunity of examining them, with reference to their relations and acquaintance with newly entered counsel, and such request had been denied by the trial court, an entirely different situation would have presented itself for our determination; however, herein, there is no indication that the substantial rights of the defendant were prejudiced, and, in the absence thereof, we cannot say that error was committed.

4. Bennett Savage was the prosecuting witness herein; he was a member of some association having for one of its objects the detection and prevention of cattle stealing. The following occurred while Savage was being cross-examined:

"Q. I will get you to state if you did not swear out this complaint against these two men with the idea of getting a reward from the Cattlemen's Association? A. No, sir.

"Q. .Did you ever claim any reward? A. I inquired if they was paying a reward.

\* \* \*

"Q. If Critchfield is convicted do you think you can claim a reward in this case? A. No, sir.

"Mr. Carpenter: I object to that as being irrelevant and immaterial, and ask that the question and answer be stricken out.

"The Court: The objection will be sustained, the question and answer may be stricken and the jury instructed to disregard it."

To which ruling defendant duly excepted.

The question was asked to show the interest of the witness in the outcome of the action; if he was interested in a reward, in case of a conviction, it is obvious that he might have an interest in so testifying as to bring about a conviction. He answered negatively; and while the question and answer were stricken, and this improperly, still there is no possibility of prejudice to defendant. If the answer had stood, it would have shown no interest in the witness; and, when it was stricken, the record was silent as to his interest. The only purpose in asking such question is to affect the credibility; not to impeach.

There are other errors discussed respecting the admission and rejection of evidence; we have examined the record respecting them and find no prejudicial error was committed in these rulings.

Other errors are assigned and argued, but, upon consideration, we consider them without merit.

Defendant was ably represented at the trial and every right of his safeguarded; he was tried for cattle stealing and, if the jurors had believed defendant and his witnesses, a verdict of not guilty must have been returned; while, if they believed the prosecution's witnesses, defendant was guilty. There are no prejudicial errors appearing in the record that affect the substantial rights of defendant, and the judgment is affirmed.