[Nos. 63416-5; 63525-1; En Banc. September 11, 1997.] 63639-7.

THE STATE OF WASHINGTON, *Respondent*, v. ANTHONY DAVIS, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. LEE HAMILTON, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. GREGORY DICKERSON, *Appellant*.

*Kyron J. Huigens*; and *Patricia A. Pethick*, for appellants.

*Anthony Davis*, pro se.

*Lee K. Hamilton*, pro se.

*Gregory Dickerson*, pro se.

*John W. Ladenburg, Prosecuting Attorney*, and *Barbara L. Corey-Boulet, Deputy*, for respondent.

PER CURIAM — Attorney Patricia Pethick moves to withdraw as defense counsel in these three criminal appeals because she can find no nonfrivolous issues to raise. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). For the reasons explained below, we grant the motions and dismiss the appeals.

The defendant in each of these cases pleaded guilty to a "most serious offense" after having been previously convicted of at least two other such crimes. Each defendant was therefore sentenced to life in prison without the possibility of parole under the Persistent Offender ("Three Strikes") statute, which was enacted by the people in 1993 as Initiative 593. Anthony Davis' current conviction is for first degree rape. He has prior convictions for first degree kidnapping, first degree assault, first degree rape, second degree burglary, and second degree robbery. Gregory Dick-

erson's current conviction is for first degree robbery. He was previously convicted of first and second degree robbery and several counts of second degree burglary. Lee Hamilton is serving his life term for second degree robbery. He has an extensive criminal history, but his only two prior "strikes" are convictions for first and second degree robbery.

The defendants each appealed directly to this court, and the appeals were stayed pending three other cases raising challenges to the Three Strikes law. *State v. Manussier*, 129 Wn.2d 652, 921 P.2d 473 (1996); *State v. Rivers*, 129 Wn.2d 697, 921 P.2d 495 (1996); and *State v. Thorne*, 129 Wn.2d 736, 921 P.2d 514 (1996). Once those cases were decided, counsel filed her motions to withdraw and *Anders* briefs stating that all of the issues that could be raised were rejected in *Manussier, Rivers*, or *Thorne*. The defendants have been given an opportunity to file pro se supplemental briefs. Only Hamilton has done so, and his brief makes only the arguments rejected in *Manussier, Rivers*, and *Thorne*.

When defense counsel in a criminal appeal finds the case to be wholly frivolous, he or she "should so advise the court and request permission to withdraw." *Anders v. California*, 386 U.S. at 744. That request must be "accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id*. The defendant must be given a copy of the brief and an opportunity to raise any additional issues he wishes. "[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.*; *State v. Theobald*, 78 Wn.2d 184, 185, 470 P.2d 188 (1970).

We have reviewed the records in these three cases and have found no nonfrivolous issues regarding the convictions themselves.[1] The record shows that each defendant

[1]The judgment and sentence form in Hamilton's case incorrectly says he pleaded guilty to both robbery and assault, whereas he actually pleaded guilty

was informed of the possibility of an enhanced sentence when charged with his current offenses. Each defendant was represented by competent counsel who extensively briefed the Three Strikes law. The defendants' guilty pleas were entered with a full understanding of the elements of the crimes and the consequences of pleading guilty. And the defendants' criminal histories were adequately proven either by stipulation or with documentary and fingerprint evidence.

One of the possible issues counsel identifies in each *Anders* brief is the claim that the defendant's sentence constitutes cruel and unusual punishment. The nature of these defendants' current and prior offenses do not distinguish their cases from *Manussier, Rivers,* and *Thorne,* however, where we rejected identical claims. Counsel's conclusion that these challenges are frivolous is therefore correct.

Counsel also lists, as possible issues, the numerous facial challenges to the Three Strikes law which this court rejected in *Manussier, Rivers,* and *Thorne.* With one exception those challenges require no further discussion. That exception is the argument that adopting the Three Strikes law by initiative violated the federal guarantee of a republican form of government, set forth in U.S. CONST. Art. IV, § 4. We are aware that defense counsel in other cases have read *Manussier* to suggest that we would have been more receptive to that claim if it had been better briefed. That reading is unwarranted. As we now more fully explain, counsel in the present cases has correctly concluded that any challenge to the Three Strikes Law based on the "Guarantee Clause" would be frivolous

No court in this or any other jurisdiction has invalidated any law on the ground that its passage by initiative violated the Guarantee Clause. In order to reach that conclusion, the court would have to hold both that the is-

---

only to the robbery. *Compare* CP. 11 (guilty plea) *with* CP. 126 (judgment). That error is of no consequence, however, because the court sentenced Hamilton only for the robbery. CP. 130.

sue is justiciable and that either the initiative process itself or the use of that process to adopt certain kinds of laws is inconsistent with the constitutional notion of a "republican form of government."

 In a case challenging the initiative process itself as antirepublican, the Supreme Court long ago held that "the issues presented, in their very essence, are, and have long since by this court been, definitely determined to be political and governmental . . . and not therefore within the reach of judicial power . . ." *Pacific States Tel. & Tel. Co. v. Oregon*, 223 U.S. 118, 151, 32 S. Ct. 224, 56 L. Ed. 377 (1912). Since that time, the Supreme Court has suggested that "perhaps not all claims under the Guarantee Clause present nonjusticiable political questions" but has still declined to construe the Guarantee Clause on the ground that the issue is "nonjusticiable under the 'political question' doctrine." *New York v. United States*, 505 U.S. 144, 184-85, 112 S. Ct. 2408, 120 L. Ed. 2d 120 (1992); *accord State v. Owen*, 97 Wash. 466, 469, 166 P. 793 (1917); *see also Reynolds v. Sims*, 377 U.S. 533, 582, 84 S. Ct. 1362, 12 L. Ed. 2d 506 (1964) ("some questions raised under the Guaranty Clause are not justiciable"). Most precedent from other states is in accord. *See California Gillnetters Ass'n v. Department of Fish & Game*, 39 Cal. App. 4th 1145, 46 Cal. Rptr. 2d 338 (1995) (claim that initiative process violated right to republican form of government held not justiciable); *New Progressive Party v. Hernandez Colon*, 779 F. Supp. 646 (D. Puerto Rico 1991) (claim that referendum process violates guarantee clause held not justiciable); *Iman v. Southern Pac. Co.*, 7 Ariz. App. 16, 435 P.2d 851 (1968) (whether state no longer has republican form of government because of adoption of initiative and referendum procedures held not to be justiciable).

 Those courts which have treated the issue as justiciable have uniformly rejected the contention that use of the initiative process is inconsistent with the "republican form of government" guaranteed by U.S. Const. art. IV, § 4. Thus, the Oregon Supreme Court in *State v. Montez*,

309 Or. 564, 789 P.2d 1352 (1990), rejected a Guarantee Clause challenge to that state's death penalty initiative after finding the issue to be justiciable.[2] The Oklahoma Supreme Court has likewise held that enacting laws through initiatives and referenda does not abolish or destroy the republican form of government. *In re Initiative Petition No. 348*, 820 P.2d 772 (Okla. 1991). And the Colorado Supreme Court has stated that "[l]ike the right to vote, the power of initiative is a fundamental right at the very core of our republican form of government." *McKee v. City of Louisville*, 200 Colo. 525, 616 P.2d 969, 972 (1980).

In sum, having conducted our own examination of the record, we agree with counsel's conclusion that the cases are "wholly frivolous." *Anders v. California*, 386 U.S. at 744; *State v. Theobald*, 78 Wn.2d at 185. Counsel's motions to withdraw are therefore granted, and the appeals are dismissed.

---

[2]Moreover, the Oregon court has recently rejected the justiciability reasoning of *Montez* and refused to consider a Guarantee Clause challenge to a mandatory sentencing law on the ground that such claims are not justiciable. *State ex rel. Huddleston v. Sawyer*, 324 Or. 597, 932 P.2d 1145, 1157-62 (1997).